**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Robert WOOLERY,**
**Defendant-Appellant.**

**No. 83–2606.**

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 1984.

Lewis Dickson, Houston, Tex., for defendant-appellant.

Daniel K. Hedges, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion 6/20/84, 5th Cir.1984, 735 F.2d 818)

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:

No member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.

In his petition for panel rehearing, the defendant-appellant William Woolery raises two issues of law which he argues the panel decided incorrectly. First, Woolery contends that the panel erred in finding that the in-court identification of Woolery by Mr. Lopez was reliable in spite of the fact that four of the six factors delineated by the Supreme Court in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), militate in favor of a finding that the identification was unreliable. Second, Woolery argues, as he did in his original appellate brief, that the evidence presented at trial was insufficient to sustain his conviction for attempted possession of cocaine with intent to distribute it. We grant the petition for panel rehearing and write this opinion solely to clarify the panel's position on these two issues and to comment upon a "misapprehension of fact" which Woolery contends was committed by the panel.

We remain convinced that the in-court identification of Woolery satisfies the "totality of circumstances" test of reliability established in *Manson*. We note here that the fact that some, or even a majority, of the *Manson* factors weigh against the reliability of the identification is not conclusive. We must examine all of the factors

and decide, whether, on the whole, the suggestiveness of the line-up created a "very substantial risk of misidentification." *United States v. Atkins*, 698 F.2d 711, 713 (5th Cir.1983). We discussed in detail in the panel opinion the reasons for our conclusion that Mr. Lopez's identification of Woolery was sufficiently reliable to have been admissible. Although Woolery is correct in pointing out that some of the *Manson* factors support his position, it is equally true that certain of the factors strongly suggest that Lopez's identification was not erroneous. Particularly, Lopez had an excellent opportunity to observe Woolery in good light at close range. In addition, the time span between the observation and the line-up was very brief. Finally, Lopez's description of Woolery was quite detailed. Considering all of the circumstances, we conclude that the suggestiveness of the line-up procedure did not create a very substantial risk of misidentification.

■ With respect to Woolery's contention that the evidence presented by the government is insufficient to support his conviction for attempted possession of cocaine, we note simply that the evidence was sufficient as a matter of law. Woolery's argument that the evidence does not establish that he knew of the contents of the parcel containing cocaine is primarily a jury argument. The jury's inference that Woolery knew of the contents, when the evidence showed that he picked up the parcel and affirmatively responded to the name given the delivery company, was certainly permissible. The fact that the evidence would also support an inference of innocence is not a ground for reversal of the jury verdict. *United States v. Bell*, 678 F.2d 547, 549 (5th Cir.1982) (en banc).

Finally, we wish to make it clear that our holding does not rely on the "misapprehension of fact" that the evidence demonstrated that Woolery personally contacted the delivery service or personally made use of the telephone answering machines. We did not say or intend to say in the panel opinion that Woolery did so. What we did intend to say is that the evidence amply supports the inference that Woolery was a part of a scheme in which these devices were used. The evidence sufficiently connects Woolery to the attempted crime to sustain his conviction.

For the reasons stated herein, we conclude that the arguments raised in Woolery's petition for rehearing are without merit. We reaffirm the holding of the panel opinion.