825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Desmond Delane TAYLOR, Defendant-Appellant.
 No. 87-5501
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1987.
Decided July 14, 1987.
 
 Neal Marcellas Janey (Claude E. Hitchcock, III, on brief), for appellant.
 Joyce K. McKee, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Desmond Delane Taylor appeals from his convictions arising out of the robbery of the Commercial Bank in Fallston, Maryland, on August 11, 1986.[1] At trial, the government's evidence consisted principally of line-up and in-court identifications of the defendant by four bank employees who witnessed the robbery. On appeal, Taylor contends that the admission of the identification evidence violated his right to due process. We disagree and affirm his convictions.
 
 
 2
 Shortly after 9:00 a.m. on August 11, 1986, a lone gunman entered the Commercial Bank's branch office in Fallston, Maryland. There were no customers in the bank, only the branch manager (Kathy Anderson) and three bank tellers (Deborah Edwards, Mary Ellen Carmen and Teresa Travers). The gunman ordered the four employees to lie on the floor and proceeded to raid the teller stations of $3,531. At trial, the witnesses described the robber as a tall, thin, black male in his early twenties, with a light, clear complexion and shoulder length curly hair. They also testified that he spoke with a soft voice and wore a brown suit, sunglasses and a hat.
 
 
 3
 Later on the day of the robbery, an F.B.I. agent showed Edwards and Anderson a photospread of seven individuals, including Taylor, but neither woman was able to identify any of the individuals as the robber. Ten days after the robbery, six individuals, including Taylor, were placed in a line-up at the Baltimore City police department. Taylor was the only individual included in both the line-up and the previous photospread. Each of the participants in the line-up wore identical outfits--white coveralls, sunglasses and tan caps. The four witnesses were brought in one-by-one to observe the line-up. Edwards and Carmen identified Taylor as the robber. Travers selected Taylor and another individual as resembling the robber, but stated that she could not make a positive identification. Anderson was unable to identify anyone as the robber. At trial, Edwards, Travers and Anderson each positively identified Taylor; Carmen thought Taylor was the perpetrator, but was 'not sure.' On appeal, Taylor contends that the procedures surrounding both the pre-trial and in-court identifications created a substantial risk of misidentification and thus resulted in a fundamentally unfair trial. We disagree.
 
 
 4
 In reviewing the admission of identification evidence, we apply a two-step analysis. First, we must determine whether the identification procedures were impermissibly suggestive. If so, the inquiry then turns to the question of whether, when considering the totality of the circumstances, those procedures give rise to a substantial likelihood of misidentification. See United States v. Woolery, 735 F.2d 818, 821 (5th Cir. 1984), reaffirmed, 740 F.2d 359 (5th Cir. 1984), cert. denied, 469 U.S. 1208 (1985); Ponce v. Cupp, 735 F.2d 333, 336 (9th Cir. 1984); see generally Simmons v. United States, 390 U.S. 377, 384 (1968). In this case, however, we do not reach the latter inquiry because we conclude that the identification procedures were not impermissibly suggestive.
 
 
 5
 With respect to the procedures surrounding the line-up, Taylor first contends that they were suggestive because he was the only individual included in both the photospread and the line-up. While this is, of course, one factor to consider, we decline to hold that this factor alone makes the line-up suggestive. See United States v. Davenport, 753 F.2d 1460, 1463 (9th Cir. 1985); United States v. Briley, 726 F.2d 1301, 1306-07 (8th Cir. 1984). Other factors mitigate against any finding of suggestiveness. For example, the line-up was not conducted until ten days after the photospread, only two of the four witnesses previously had viewed the photo display and Taylor's appearance at the line-up had been altered by the fact that he wore sunglasses and a cap.
 
 
 6
 Taylor next argues that the line-up was suggestive because not all the participants fit the witnesses' description of the robber as tall and thin. This contention is based solely on the witnesses' trial testimony that their identification of Taylor was based partially on his build. They further testified, however, that their identification was also based on the similarity of Taylor's face, voice and complexion with that of the robber. Moreover, we have reviewed a photograph of the line-up, which reveals that there were no marked dissimilarities in the participants' physical appearance. In addition, counsel represented Taylor at the line-up and made no objection to the physical appearance of the participants.
 
 
 7
 Taylor also raises a number of contentions with respect to the suggestiveness of the procedures surrounding the witnesses' in-court identifications. He argues that they were suggestive due to (1) the excessive use of pretrial identification opportunities, (2) the fact that the witnesses may have spoken to one another after the line-up identifications, and (3) his presence at the defense table during the witnesses' testimony. We find no merit to any of these contentions.
 
 
 8
 In view of the above, the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 After a bench trial, the court convicted Taylor of (1) bank robbery, 18 U.S.C. Sec. 2113(a) and 2; (2) jeopardizing a person's life by using a dangerous weapon during the commission of a bank robbery, 18 U.S.C. Sec. 2113(d) and 2; and (3) using a firearm in the commission of a felony, 18 U.S.C. Sec. 924(c)(1). The court sentenced him to concurrent seven-year prison terms on the first two convictions and a five-year term on the latter conviction, to run consecutively with the seven-year terms