**OLD COLONY TRUST CO. et al.**

v.

**PENROSE INDUSTRIES CORPORA-TION et al., David Milgram and His Associates, Appellants.**

**No. 16819.**

United States Court of Appeals Third Circuit.

Argued Nov. 3. 1967.

Decided Jan. 9, 1968.

David Berger, Cohen, Shapiro, Berger, Polisher & Cohen, Philadelphia, Pa. (Herbert B. Newberg, Howard L. Schambelan, Philadelphia, Pa., on the brief), for appellants.

Henry W. Sawyer, III, Drinker, Biddle & Reath, Philadelphia, Pa. (John S. Estey, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., on the brief), for appellees.

Before McLAUGHLIN, GANEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from an order of the district court denying appellants' motion to intervene. We pass any question of appealability or mootness.

On June 1, 1967, plaintiffs filed in the district court an action by which, insofar as is now pertinent, they sought a declaratory judgment that their proposed sale to one Martin W. Field ("Field"), subject to court approval, of certain pledged collateral held by them was "commercially reasonable" under Section 9–507(2) of the Commercial Code of Pennsylvania. The collateral consisted of all the stock of Wm. Penn Broadcasting Company ("WPEN") and a debenture issued by it. Jurisdiction was based on the diversity statute and is not challenged. The defendants consisted of the pledgors of the property in question as well as various alleged secured and unsecured creditors of Penrose Industries Corporation, whose indebtedness to plaintiffs was secured by the collateral involved. WPEN was also a defendant.

On June 26, 1967, the appellants filed a motion to intervene as plaintiffs. This followed an earlier tender by them to the district court of a written offer to purchase part of the collateral involved, viz., the WPEN stock, subject to debentures, for an amount which their counsel claimed was substantially above the price provided in the plaintiffs' contract with Field. A proposed complaint was attached to the motion. It prayed that the court declare that the appellants' offer be accepted by plaintiffs and that the Field offer be rejected.

By order dated July 10, 1967, the district court denied appellants' motion to intervene as party plaintiffs, but without prejudice to their right to renew their motion after the court decided the issues of the enforceability and the commercial reasonableness of the Field

agreement. It did, however, grant appellants standing as friends of the court.

In the district court the appellants claimed that they were entitled to intervene as of right under F.R.Civ.P. 24(a)(2) as amended in 1966.[1] They did not claim, as they now claim alternatively, that they should have been granted permissive intervention under F.R.Civ.P. 24(b). However, we need not differentiate here because appellants' grievance throughout has been that they have a sufficient interest relating to the property or transaction, viz., the sale of the collateral, to be entitled to force the sale of the stock collateral to them if the court should find that their offer exceeds the Field offer. Consequently, if they lack such an interest, they are not entitled to intervene for that purpose under either provision of the intervention rule. The district court obviously decided that they lacked such an "interest," and we agree.

Appellants concededly had no cognizable interest in the pledged property or the various financial transactions involving it before this action was commenced. They were legal strangers. Their only claim of "interest" now is that they will pay more for the stock than Field has agreed to pay. As the district court noted, appellants' offer is clearly relevant to its determination of the issue of the commercial reasonableness of the plaintiffs' agreement of sale with Field. Indeed, in connection with the pending decision in the district court of such issue, the judge has indicated that the appellants' offer will be considered. But even if the district court should find that the appellants' offer is higher in value than the amount reflected in the Field agree-ment, it would not follow that plaintiffs would thereby be subject to an enforceable legal duty to sell the collateral to appellants, putting aside other offers. We say this because the relief requested by plaintiffs below was bottomed on 12A P.S. § 9–507(2) (Supp.1966) which, insofar as now pertinent, provides:

> " * * * A disposition which has been approved in any judicial proceeding or by any bona fide creditors' committee or representative of creditors shall conclusively be deemed to be commercially reasonable, but this sentence does not indicate that any such approval must be obtained in any case nor does it indicate that any disposition not so approved is not commercially reasonable."

The statutory provision invoked by plaintiffs does not even remotely suggest, let alone require, that, once invoked, the proceedings can be turned into a judicially conducted auction sale of the subject matter. Appellants' status as would-be purchasers does not clothe them in this type of proceeding with the type of "interest" which entitles them to intervene in this action for the purpose sought by them. Appellants place great reliance on the recent opinion of the United States Supreme Court interpreting F.R.Civ.P. 24(a)(2) in the case of Cascade Nat. Gas v. El Paso Nat. Gas, 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967). The "interests" of the parties permitted to intervene therein differ so materially from that for which appellants seek recognition here as to require no further elaboration.

The order of the district court is affirmed.

---

1. "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * *; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."