**CLOVER FARMS DAIRY, et al., Plaintiffs,**

v.

**George BRUMBAUGH, Robert Derry and Paul O'Hop, Officially and in their individual capacities, Defendants.**

Civ. A. No. 84–0556.

United States District Court, M.D. Pennsylvania.

May 3, 1984.

Donald A. Tortorice, Duane, Morris & Heckscher, Harrisburg, Pa., for plaintiff.

Kevin J. McKeon, Rose, Schmidt, Dixon & Hasley, Harrisburg, Pa., for intervenor Cumberland Farms.

Marvin A. Fein, Deputy City Sol., Pittsburgh, Pa., for intervenor Mayor and City of Pittsburgh.

John G. Knorr, III, Sr. Deputy Atty. Gen., Harrisburg, Pa., Daniel E. Flaherty, Jr., Chief Counsel, Pennsylvania Milk Marketing Bd., Harrisburg, Pa., for defendants.

## MEMORANDUM

RAMBO, District Judge.

This court has before it two motions to intervene in the captioned proceeding. The procedures to intervene in a federal case are governed by Rule 24 of the Federal Rules of Civil Procedure.

Before Rule 24 can be applied in a particular situation, it is critical to clearly and precisely define the issues in the case in which intervention is sought. The issues in the present case appear to be:

1. Do the plaintiffs have a protected interest in properly established minimum milk prices?

2. If such a protected interest exists, must minimum due process as provided in the United States Constitution be afforded to the plaintiffs before the prices are altered?

3. Was the requisite due process provided before the prices were altered on April 16, 1984?

4. If a protected interest exists and the requisite due process was not provided, are the potential remedies at law inadequate because the plaintiffs' damage is irreparable or multiple suits would result?

5. If all the above is established, this court must balance the potential injury of the plaintiffs against the potential injury which would be sustained by the defendants.

6. This court's balancing of interests must also look to the public interest.

7. In deciding whether to issue an injunction, this court can also consider the actions of the applicant such as bad faith or delay.

Rule 24(a) says:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The intervenors fall into three categories: first, consumers who will purchase lowfat milk in the future; second, a retailer of milk; and, third, a city which is located within the affected area.

■ To intervene under Rule 24(a)(2), the following elements must be shown by the intervenor:

(1) The intervention must be timely. (2) The intervenor must assert some significant, legally protectable interest which relates to the transaction or the property which forms the subject matter of the main action. (3) The interest must be such that, as a practical matter, the disposition of the pending lawsuit may impair or impede the intervenor's ability to protect that interest. (4) The intervenor must show that the interest is not adequately represented by existing parties to the lawsuit.

*Jet Traders Investment Corp. v. Tekair, Ltd.,* 89 F.R.D. 560, 568 (D.Del.1981).

Assuming that the applications to intervene are timely, none of the intervenors meets any of the remaining three elements. The issues in this case are very narrow. The focus is on whether the Milk Marketing Board had to and/or did provide interested parties with adequate notice and hearing prior to altering the minimum prices. The granting of an injunction in this proceeding will, at the most, keep the pre-April 16th minimum prices in place until the Board complies with minimum due process.

■ The intervening potential consumers' interest is too speculative to be a "significant, legally protectable interest." The mere possibility that milk prices may be reduced short term is not sufficient to mandate intervention under Rule 24(a)(2). *See Old Colony Trust Company v. Penrose Industries Corp.,* 387 F.2d 939 (3d Cir. 1967) *cert. denied* 392 U.S. 927, 88 S.Ct. 2283, 20 L.Ed.2d 1385 (1968).

■ The intervenor, Cumberland Farms, does not operate in the portions of the Commonwealth to which this case is directed. Cumberland Farms operates in Area 1 which contains Philadelphia and its immediately surrounding area. Any effect on alteration of the minimum prices in areas where the potential intervenor does not operate is not a "significant, legally protectable interest."

■ The City and Mayor of Pittsburgh have also moved to intervene. The basis of their alleged interest in the subject matter of the litigation is that they appeared before the Milk Marketing Board and would have been allowed to participate in any appeal to the Commonwealth Court. *See City of Pittsburgh v. Milk Marketing Board,* 7 Pa.Commw.Ct. 180, 190–91, 299 A.2d 197 (1973). Standing before the Board and the Commonwealth Court is not

necessarily equivalent to being able to intervene under Rule 24(a). The standing issue before the Board and the Commonwealth Court is based on 31 P.S. § 700j–901 of the Milk Marketing Act as codified. This court's determination is controlled by Rule 24.

The Mayor and City of Pittsburgh might be interested in this proceeding either as a representative of the citizens of Pittsburgh who consume low-fat or skim milk or in its own right as a purchaser. Neither "interest" is sufficient under Rule 24(a) for the same reasons that the potential consumers do not have an interest. *See* 387 F.2d 939.

■ The putative intervenors' interest is whether the minimum prices will remain established and, if so, at what level. *The issue of minimum prices is not before this court.* The intervenors can and must protect their interest in the price level before the Milk Marketing Board. Their ability to do so is not impeded or impaired by this court's action whether the injunction is granted or not. If the injunction is granted, the intervenors can appear before the Board and argue their position. If the injunction is denied, the intervenors will have prevailed or will be able to present their position to the Commonwealth Court. The potential intervenors' position is not impaired or impeded by anything this court does.

■ Finally, the parties to the captioned proceeding can adequately represent the minimal interests of the putative intervenors. The Commonwealth of Pennsylvania can and no doubt will represent the positions that either adequate due process was provided or the plaintiffs were not entitled to due process. The plaintiffs will assert the opposite. These positions represent the logical alternatives available. Anything the putative intervenors might argue could be asserted by a party to this action. The named parties are also adequately financed and represented by competent counsel. The existing parties adequately represent the intervenors' position.

The potential intervenors may be relying to some extent on Rule 24(b). Rule 24(b) says:

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

■ The intervenors have not explicitly applied for permissive intervention under Rule 24(b). This court, therefore, does not have a proper application before it. The private intervenors raised section (b) in their memorandum in support of their application to intervene. The Mayor and City of Pittsburgh do not even mention Rule 24(b). The mere mention of a portion of a rule in a memorandum is not a proper application to this court to intervene. If the intervenors imagined that they were making an application under Rule 24(b), the application will be denied as improper.[1]

## ORDER

IT IS HEREBY ORDERED THAT the motions to intervene in the captioned case

---

1. If it is assumed that intervention under Rule 24(b) has been properly raised, the potential intervenors' claims or defenses and the main action must have a question of law or fact in common. The concern of the intervenors is with the price of lowfat and skim milk as controlled by state statute. The issue before this court focuses on minimum due process under the federal constitution. The intervenors' claims do not have a question of law or fact in common.

are denied for the reasons set forth in the accompanying memorandum.

