ROLLINS CABLEVUE, INC., Plaintiff,

v.

SAIENNI ENTERPRISES, a Delaware partnership, Defendant.

Civ. A. No. 86–139–JRR.

United States District Court,
D. Delaware.

Nov. 24, 1986.

---

Jeffrey S. Goddess, of Saul, Ewing, Remick & Saul, Wilmington, Del., for plaintiff; Thomas A. Rouse, of Byrne, Slater, Sandler, Shulman & Rouse, P.C., Hartford, Conn., of counsel.

Anthony A. Figliola, Jr., Wilmington, Del., for defendant.

David Ripsom, of Duane, Morris & Heckscher, Wilmington, Del., for applicant for intervention, The Crouse Group, Inc., W. James MacNaughton, of Schenck, Price, Smith & King, Morristown, N.J., of counsel.

ROTH, District Judge.

On March 28, 1986, Rollins Cablevue, Inc. (Rollins) filed an action against Saienni Enterprises (Saienni) and Clayton Cable, Inc. (Clayton), seeking declaratory and injunctive relief against Saienni and Clayton. A hearing on a preliminary injunction was held on April 25, 1986, at which time the Court considered whether the Cable Communications Policy Act (Cable Act), 47 U.S.C. § 521 *et seq.*, provided Rollins with a private right of action to seek a declaration that Clayton was in violation of the Cable Act and of the Delaware Regulation of Cable Systems Act, 26 *Del.C.* § 601 *et seq.* The Court at that time ruled that there was no such private right of action under the Cable Act and refused to grant Rollins' petition to enjoin defendant Clayton from constructing a cable television system using public rights of way at the Saienni operated Beaver Brook Apartment complex.

The Court did rule at that time that it had jurisdiction under the Cable Act to determine whether Rollins had a right of access to the Apartments to operate its cable equipment installed there as alleged in Count Two of the Complaint. The Court also retained jurisdiction under Count Four of the Complaint of Rollins' state law claim for a declaratory judgment on the validity of its contract with Saienni. However, because plaintiff no longer asserted any claim against Clayton, Clayton was dismissed from the case. *Rollins Cablevue, Inc. v. Saienni Enterprises*, 633 F.Supp. 1315 (D.Del.1986). On May 20, 1986, Clayton filed a Motion to Intervene as Defendant. Intervention by Clayton was opposed by Rollins. After partial briefing, the attorney for Clayton informed the Court in early July, 1986 that Clayton's Motion to Intervene was being withdrawn although no formal withdrawal has ever been filed.

On July 25, 1986, The Crouse Group, Inc. (Crouse) filed a Motion to Intervene under Fed.R.Civ.P. 24(a)(2) and (b)(2). In its motion, Crouse asserts that it is a successor in interest to Clayton, more specifically that it is the assignee of all the right, title and

interest previously held by Clayton pursuant to a contract between Clayton and Saienni. Rollins opposes intervention by Crouse in this action. Saienni has not voiced any support for or opposition to the motion.

The Court finds that there is no basis either for intervention as a matter of right under Fed.R.Civ.P. 24(a)(2) or for permissive intervention under Fed.R.Civ.P. 24(b)(2) and denies Crouse's motion.

## I. Intervention as a Matter of Right Under Fed.R.Civ.P. 24(a)(2)

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides for intervention as a matter of right:

> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In order to determine the "property or transaction which is the subject" of this action and Crouse's interest, if any, it is helpful first of all to examine the remaining counts of the Complaint. Rollins alleges in the Complaint that it is the holder of a franchise, issued pursuant to the Delaware Regulation of Cable Systems Act, 26 *Del.C.* § 601 *et seq.*, authorizing it to construct and operate a community antenna television system (CATV) in non-incorporated areas of New Castle County. Saienni owns and operates the Beaver Brook Apartment complex in such an unincorporated area of New Castle County.

In approximately 1970 Rollins entered into an agreement with Saienni to construct and maintain a master antenna television system for the Beaver Brook complex. In return, Saienni granted Rollins the right to construct, operate and maintain wires, cables and related equipment on the apartment complex property, including inside its buildings, as was necessary to provide cable television service to residents of Beaver Brook.

Rollins claims that the initial term of the contract was 20 years and continuously thereafter at Rollins' option under successive 10 year renewals for as long as any Beaver Brook resident desired to receive Rollins' cable television services. Rollins has not, however, been able to locate a copy of the contract. Rollins asserts that it has provided cable television service to residents of the Beaver Brook complex since 1970 and has maintained the only master antenna television system in the complex. In April of 1986, Rollins had 340 subscribers at Beaver Brook, generating a total average revenue of approximately $81,600 per year.

During January, 1986, attorneys for Saienni informed Rollins that the Beaver Brook contract was being terminated, that Clayton was installing a new Sattelite Master Antenna Television System (SMATV) there, and that Rollins should remove its equipment from Beaver Brook by March 1, 1986.

In Count Two of the Complaint Rollins seeks a declaratory judgment to establish that it is legally entitled under section 621(a)(2) of the Cable Act to maintain and operate its wires, cable and equipment at the Beaver Brook Apartment complex. Count Four of the Complaint is a state law claim, requesting recognition of the validity of the Rollins-Saienni contract and an injunction to prevent any breach of that contract by Saienni.

In its Opening Brief in support of its motion to intervene, Crouse contends that it is the assignee of Clayton's January 23, 1986 contract with Saienni to be the exclusive provider of cable television services to the Beaver Brook Apartment complex. Crouse claims as the basis for its right to intervene under Rule 24(a)(2) that, since both Crouse and Rollins claim to have contracted with Saienni to provide cable television service to the Beaver Brook Complex, Crouse should participate in the litigation which determines the enforceability of the Rollins-Saienni contract. Crouse also asserts that, as a competitor of Rollins in

providing cable television service in New Castle County, it should be permitted to take part in this litigation which will interpret the Cable Act and the Delaware Cable Systems Act.

Considering first Crouse's interest in the Rollins-Saienni contract, that interest is not direct. Crouse wants the Rollins contract to be declared invalid so that Crouse can profit from its subsequent "exclusive" contract with Saienni. However, such a conditional interest in the validity of the subject matter of litigation which, if held valid, will affect the profitability of other business interests of the would-be intervenor, has been held to be speculative and inadequate to permit intervention under Rule 24(a)(2). *See Paine, Webber v. Merrill Lynch, Pierce,* 564 F.Supp. 1358, 1372 (D.Del. 1983).

■ Moreover, it has been recognized by the Third Circuit that a would-be purchaser of stock, who makes a higher offer for the stock after the commencement of an action for a declaratory judgment to determine whether a proposed sale of pledged collateral, including the stock, was "reasonable," does not have the type of "interest" which entitles it to intervene under Rule 24(a)(2) in that action. *Old Colony Trust Co. v. Penrose Industries Corporation,* 387 F.2d 939, 941 (3d Cir.1968). The Third Circuit concluded that where the would-be intervenor's interest is solely to have the Court declare that its own subsequent offer for the stock be accepted, that interest is insufficient for intervention as of right. *Id.* The intervenor in this case seeks to enter into an action for a declaratory judgment in order to have the Court determine that its competitor's position is invalid, thereby validating its own contract. The reasoning of the Third Circuit in *Old Colony Trust Co.* would appear applicable also to the present situation. The use of intervention to ratify an independent transaction, which is not the subject matter of the litigation in which intervention is sought, does not fall within the "relating to the property or transaction which is the subject of the action" standard of Rule 24(a)(2).

[2] Crouse also argues that it should be permitted to intervene because of its interest, as a supplier of cable television services, in the interpretation of the Cable Act and of the Delaware Cable Systems Act. Intervention under Rule 24(a)(2) has been permitted in cases in which questions of law are being resolved for the first time on the ground that otherwise the intervenor's interest may be impaired. *Natural Resources, Etc. v. U.S. Nuclear Reg. Com'n,* 578 F.2d 1341 (10th Cir.1978); *Atlantis Development Corporation v. United States,* 379 F.2d 818 (5th Cir.1967). However, a realistic appraisal must be made of the immediacy of the interest of such a would-be intervenor. Chaos would result if every citizen "interested" in the outcome of new legislation were permitted to intervene in litigation interpreting that legislation. The interest of the intervenor must be more particularly in the subject matter of the lawsuit. As the Court stated in the *Atlantis Development Corporation* case:

> But in a very real and practical sense is not the trial of this lawsuit the trial of Atlantis' suit as well? Quite apart from the contest of Atlantis' claim of sovereignty vis-a-vis the Government resulting from its "discovery" and occupation of the reefs, there are at least two basic substantial legal questions directly at issue, but not yet resolved in any Court at any time between the Government and the defendants which are inescapably present in the claim of Atlantis against the Government.

379 F.2d at 826 (footnote omitted).

The legal questions which Rollins and Saienni seek to resolve in the present case are not, however, "inescapably present" in any lawsuit, evolving from the Crouse-Saienni contract or from Crouse's business activities in Delaware. This lawsuit involves a determination of the validity of the Rollins-Saienni contract and Rollins' entitlement under the Cable Act to maintain and operate its wires, cable and equipment at Beaver Brook. The interpretation of the Cable Act, which will arise here only if Rollins is found not to have a valid contract

with Saienni, is whether Rollins nevertheless has a right of access to the apartment complex and whether the installation of the Rollins cable conforms to the Cable Act and the Delaware Code Systems Act.

Crouse for its part also claims a contract with Saienni to install its cable system at Beaver Brook. Alleging such a contract, Crouse has no need, for its own sake, to have a determination made of what right of access is available absent a contract.

■ Besides the lack of Crouse's involvement with the specific issue which must be resolved in the action between Rollins and Saienni, however, there is an even more compelling reason for not permitting Crouse to intervene here, as a "cable operator", in order to participate in a suit which may interpret the Cable Act. The clear implication from Crouse's Opening Brief is that, although it is the assignee of Clayton's exclusive contract to provide SMATV service to the Beaver Brook Complex, Crouse is not franchised to provide cable television service in Delaware. It was clear from the evidence produced at the April 25, 1986 hearing that the Clayton cable had been installed, in part at least, within the public right-of-way along Saienni Boulevard parallel to Buildings 24 and 25 of the Beaver Brook complex. Under the Cable Act, a cable operator serving subscribers in a multiple unit dwelling must be franchised if the facility uses any public right-of-way. 47 U.S.C. §§ 522(6), 541(b). The Delaware Act is even stricter:

> No person or entity shall hereafter commence the construction of, or operate a cable television system, in whole or in part within this State ... without first obtaining a franchise under this chapter for such construction and operation.

26 *Del.C.* § 601(a). Under the provisions of both statutes, Crouse must be franchised in order to operate the system installed by Clayton at the Beaver Brook Apartments. As long as Crouse is not qualified to provide cable services to this property, or, in fact, to any property in Delaware, we find neither the necessary interest, nor the danger of any interest being impaired, if Crouse is not permitted to intervene. Moreover, we see no advantage in opening up the Rollins-Saienni litigation to the new and entirely different questions of whether an unfranchised cable operator can provide SMATV services in Delaware, or whether a cable operator can contract to acquire an exclusive right to provide services to an apartment complex.

Therefore, for the reasons stated above, we will deny Crouse's motion to intervene as a matter of right.

## II. Permissive Intervention Under Fed. R.Civ.P. 24(b)(2).

Crouse contends that, even if intervention as a matter of right under Fed.R. Civ.P. 24(a)(2) is denied, still it is entitled to permissive intervention under Rule 24(b)(2). As Crouse does correctly assert in its Opening Brief, in order for the Court to exercise its discretion and grant permissive intervention, Rule 26(b) "required only that the intervenor share a question of law or fact in common with the original parties," citing *McKay v. Heyison,* 614 F.2d 899, 906 (3d Cir.1980). As Crouse further acknowledges, the Court shall also "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

If we examine Crouse's pleadings, it is very clear that intervention by Crouse in this action will greatly expand the issues being litigated. Crouse in its Proposed Answer sets out as its Third Affirmative Defense:

> No injunctive relief, *pende lite* can be awarded absent a posting of bond by Plaintiff adequate to compensate Intervenor for damages should Plaintiff not prevail on the merits.

It would appear from this Third Affirmative Defense that Crouse, if permitted to intervene, would intend to litigate the question of its lost profits which would incorporate its rights to those lost profits, which would incorporate its right to an "exclusive" contract to provide cable services to the Beaver Brook complex, which would

incorporate its right to provide cable television services in Delaware without a franchise. Litigation of these questions would bring additional questions of law and of fact into this action.

■ We find that the addition of these legal and factual issues to the present litigation would undoubtedly delay the adjudication of the rights of the original parties. *Steinberg v. Shearson Hayden Stone, Inc.*, 598 F.Supp. 273, 282 (D.Del.1984). For this reason, we will also deny Crouse's motion for permissive intervention.