Edgar T. NUMRICH, Ben and Jo Ann Bleich, Jay Bleich, William B. Borgeson, Richard T. Charlton, Shirley Harris, Laura Laubenthal, Robert J. Laubenthal, Marion McCown, John P. Nelson, Patricia Numrich, Jack L. Rainey, Margaret Rainey, W. Boyd Smith, Mrs. W. Boyd Smith, Craig Vallely, and Kelly Waller, Plaintiffs,

v.

A.M. GLEASON, E.B. Galligan, John H. Geiger, Pacific Telecom, Inc., a Washington corporation, American Network, Inc., an Oregon corporation, CP National Corporation, a California corporation, Ford Aerospace and Communications Corporation, a Michigan corporation, and Price Waterhouse, a partnership, Defendants.

Civ. No. 88-140-MA.

United States District Court, D. Oregon.

April 14, 1988.

See also 700 F.Supp. 512.

Nicholas I. Goyak, Hanna, Urbigkeit, Jensen, Goyak & O'Connell, P.C., Portland, Or., Nicholas P. Scarpelli, Jr., Carney, Stephenson, Badley, Smith, Mueller & Spellman, Seattle, Wash., for plaintiffs.

Barnes H. Ellis, Stephen L. Griffith, Joyce Ann Harpole, Stoel, Rives, Boley, Jones & Grey, Portland, Or., for defendants Pacific Telecom, Inc., Gleason and Geiger.

Thomas A. Balmer, Mark A. Turner, Lindsay, Hart, Neil & Weigler, Portland, Or., for defendants E.B. Galligan and American Network, Inc.

Deborah J. Harwood, Legal Counsel, American Network, Inc., Vancouver, Wash., for defendant American Network, Inc.

Douglas M. Ragen, Julie R. Vacura, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for defendant Price Waterhouse.

Roland F. Banks, Schwabe, Williamson & Wyatt, Portland, Or., for defendant Ford Aerospace and Communications Corp.

Michael James Lilly, Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, Or., for defendant CP Nat. Corp.

## OPINION

MARSH, District Judge.

This action, brought by minority public shareholders of American Network, Inc. (AmNet), arises out of plaintiffs' allegations that Pacific Telecom, Inc. (PTI) has dominated and controlled AmNet from the time it initially became AmNet's controlling shareholder in 1984 up to the present time. Plaintiffs contend that the dominance of PTI has expressed itself through several wrongful transactions ordered by PTI. Plaintiffs seek a preliminary injunction on the basis that a proposed sale of AmNet to International Telephone & Telegraph Corporation (ITT), without required safeguards, "will create irreparable harm by removing defendants from their position of responsibility to plaintiffs which now requires that they affirmatively correct past wrongs."

FiberNet Communications Corporation moves to intervene as a plaintiff in this action "in relation to the Court's consideration of the currently pending Motion for Preliminary Injunction." The motion for preliminary injunction seeks an order requiring defendants (1) to obtain an independent opinion as to the fairness of the proposed sale of AmNet to ITT; (2) to correct AmNet's financial statements; and (3) to adequately disclose all litigation in any proxy statement which seeks shareholder approval of any sale of AmNet stock or assets.

FiberNet asserts that it is a potential buyer of Defendant AmNet and that it will be irreparably injured if AmNet is sold to ITT without an evaluation of FiberNet's competing offer.

FiberNet's counsel is out of state counsel and has failed to petition for admission to this court *pro hac vice* in accordance with local rule 110–2. Similarly, FiberNet's

counsel has failed to associate local counsel. Notwithstanding these procedural errors, I consider the merits of FiberNet's motion to intervene and deny the motion.

## DISCUSSION

Fed.R.Civ.P. 24 governs a party's right to intervene into an action:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c) **Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

### Intervention of Right

■ In *United States v. State of Oregon*, 839 F.2d 635, 637 (9th Cir.1988), the Ninth Circuit reiterated its four-part test for determining whether a party is entitled to intervene as a matter of right:

(1) the applicant's motion must be timely; (2) the applicant must assert an interest relating to the property or transaction which is the subject of the action;

(3) the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the other parties.

Defendants do not dispute that the application is timely. While FiberNet has asserted an interest in AmNet, it has not adequately set forth, in accordance with Fed.R.Civ.P. 24(c), "the claim or defense for which intervention is sought." This omission is presumably due to the fact that FiberNet has no interest in the underlying action but rather only in seeing that AmNet is not sold to ITT. FiberNet has asserted no legal right in which it could stop such a sale.

Based on the foregoing, I conclude that FiberNet does not have an "interest" in the subject matter of the action as is contemplated by rule 24(a). *See Old Colony Trust Co. v. Penrose Industries Corp.*, 387 F.2d 939 (3d Cir.), *cert. denied* 392 U.S. 927, 88 S.Ct. 2283, 20 L.Ed.2d 1385 (1968); *See also, Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971) (in order to satisfy rule 24(a)(2), applicant must have "significantly protectable right").

### Permissive Intervention

■ In order to satisfy rule 24(b), permissive intervention, the applicant's claim or defense must have a common question of law or fact with the main action. As noted above, FiberNet does not support its motion to intervene with any pleading stating that it has any claims against AmNet which have a common question of law or fact to the claims asserted by plaintiffs. The only interest set forth by FiberNet is in preventing the sale of AmNet to ITT.

Similarly, FiberNet does not support its motion with any details of its offer to purchase AmNet. The significance of this omission is compounded by the affidavit submitted by defendant Galligan, Chairman of the Board of AmNet, attesting to the fact that neither he, nor to the best of his knowledge, any officer of AmNet, has ever received an offer from FiberNet to pur-

chase all of the shares or all of the assets of AmNet.

Based on the foregoing, I conclude that FiberNet is not entitled to permissive intervention. Accordingly, FiberNet's Motion to Intervene # 102 is denied.