[Cite as *Ohio Community School Consultants, Ltd. v. Lincoln Preparatory Academy, Inc.*, 2020-Ohio-890.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Ohio Community School
Consultants, LTD., et al.,     :

    :

    Plaintiffs-Appellees,     :

v.     :

    :     No. 19AP-301

Lincoln Preparatory Academy, Inc.,     (C.P.C. No. 18CV-8454)

    :

    Defendant-Appellee,     (ACCELERATED CALENDAR)

    :

[HA Lincoln Park, LLC,

    :

    Intervening Defendant-
Appellant].     :

---

D E C I S I O N

Rendered on March 10, 2020

---

**On brief:** *Dinsmore & Shohl, LLP, Karen S. Hockstad,* and *Vladimir P. Belo*, for appellees Ohio Community School Consultants, LTD and Brian Adams, Receiver. **Argued:** *Vladimir P. Belo*.

**On brief:** *Barnes & Thornburg LLP, C. David Paragas, Kevin R. McDermott, Jeanine Kerridge, and Paul N. Garinger*, for intervening appellant. **Argued:** *Kevin R. McDermott*.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Intervening defendant-appellant, HA Lincoln Park, LLC ("HA Lincoln"), appeals from a judgment of the Franklin County Court of Common Pleas entered on April 9, 2019. In its decision, the trial court denied HA Lincoln's motion to intervene in a receivership action that plaintiffs-appellees, Ohio Community School Consultants, LTD ("OCSC") and MMB Business Enterprises, Inc. ("MMB"), had commenced against

defendant-appellee, Lincoln Preparatory Academy, Inc. ("Lincoln Prep"). For the following reasons, we affirm in part and reverse in part the decision of the trial court and remand this cause for further action consistent with this decision.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} The identification of the parties and their relationships to one another is helpful to our discussion of the issues presented in this matter. According to the amended complaint OCSC and MMB filed October 8, 2018, and amended on October 9, 2018,[1] commencing the underlying receivership action, OCSC is an Ohio limited liability company that serves as the fiscal officer of community schools throughout Ohio. MMB is the sole member of OCSC. Brian Adams is the shareholder and president of MMB; he also is a certified public accountant and fiscal officer for many community schools in Ohio. Attached as an exhibit to the complaint was Adams' resumé, which indicates that he has been the president and CEO of MMB and OCSC since January 1990. Lincoln Prep is a non-profit corporation and community school for which the "[p]laintiff remains the fiscal officer." (Oct. 8, 2018 Compl. at ¶ 4.[2]) HA Lincoln was the operator of Lincoln Prep.

{¶ 3} Lincoln Prep closed on June 30, 2018. The members of Lincoln Prep's board of directors resigned, and the board was dissolved. The complaint states that, at the time the underlying receivership action was filed, there was no sponsor or operator affiliated with Lincoln Prep, and "Plaintiff, through Brian Adams, [was] the only representative remaining to assist with the final dispositions of assets for [Lincoln Prep]." (Compl. at ¶ 11.) Although the complaint initially avers "there is one lawsuit in which [Lincoln Prep] is currently involved in Franklin County, Ohio," it subsequently references multiple lawsuits, stating that "decisions regarding the lawsuits cannot be made without the appointment of [Adams] as Receiver for [Lincoln Prep], giving him authority to resolve the one pending lawsuit and then distribute the remaining funds and assets of [Lincoln], if any, to [Ohio Department of Education] consistent with R.C. 3314.074." (Compl. at ¶ 8, 12.) OCSC and

---

[1] The original complaint filed October 8, 2018 named "Hope Academy – Lincoln Park" in care of statutory agent April Hart, Esq., as the party-defendant. On October 9, 2018, OCSC and MMB filed an amended complaint to correct the name of the defendant listed on the complaint to "Lincoln Preparatory Academy, Inc.," in care of statutory agent April Hart, Esq.

[2] Although the underlying receivership action names two parties-plaintiffs, OCSC and MMB, it appears that "the Plaintiff," singular, referenced in paragraph 4 of the complaint, is OCSC, given the information provided in paragraph 1 of the complaint. Based on the information provided in paragraphs 1 through 3 of the complaint, Adams appears to be the fiscal officer in fact for Lincoln Prep.

MMB demanded that Adams be appointed as receiver "to take possession and control of any remaining assets of [Lincoln Prep[3]], to manage and settle the lawsuits in which [Lincoln Prep] is involved, and upon resolution of those suits to wind up the affairs pursuant to R.C. 3314.074." (Compl. at 3.)

{¶ 4} The next day, on October 9, 2018, OCSC and MMB filed a motion for the appointment of Adams as receiver for Lincoln Prep. They asked that Adams "be authorized to hire and pay legal counsel to manage the pending lawsuit and act on [Lincoln Prep's] behalf in the resolution of such claims." (Mot. for Receiver at 1.)

{¶ 5} On October 28, 2018, the trial court signed off on a decision and entry that had been prepared by legal counsel for OCSC and MMB granting the motion for appointment of receiver and an order appointing Adams as receiver. The trial court's decision and order stated that Adams had authority to do the following:

1. Take all actions pursuant to and in accordance with R.C. 3314.074;

2. Hire and pay legal counsel to manage pending lawsuits and act on [Lincoln Prep's] behalf in resolution of such claims;

3. Pursue claims on behalf of [Lincoln Prep] against those legal persons who may owe [Lincoln Prep] money;

4. Take all actions in accordance with Loc. R. 66.06.

(Oct. 28, 2018 Decision & Entry at 1.)

{¶ 6} On November 6, 2018, HA Lincoln filed a motion for reconsideration and a motion to intervene in the receivership action. HA Lincoln moved to intervene in the receivership by right under Civ.R. 24(A) or by permission under Civ.R. 24(B) "on the grounds that it is a substantial, acknowledged creditor" that was owed at least $157,228 by Lincoln Prep. (Ex. B at 1, attached to Nov. 6, 2018 Mot. to Intervene.) The motion to intervene stated that OCSC and MMB, despite acknowledging the debt in sworn financial statements, had moved for Adams' appointment as receiver without disclosing that debt or mentioning any creditors to the trial court. The motion stated further that OCSC and MMB "also failed to disclose the substantial conflicts-of-interest Adams has arising from prior,

---

[3] The complaint contains the phrase "any remaining assets of the Schools," but we believe "Schools" is used here in lieu of "School's," inasmuch as the complaint does not specifically identify any school other than Lincoln Prep.

ongoing litigation between HA Lincoln and Lincoln Prep" and specifically asserted that Adams could not adequately represent HA Lincoln's interests. *Id.* at 1. HA Lincoln attached exhibits in support of its motion.

{¶ 7} On November 20, 2018, OCSC and MMB file a memorandum opposing the motion to intervene and an alternative memorandum opposing the motion for reconsideration. HA Lincoln replied on November 27, 2018.

{¶ 8} On April 9, 2019, the trial court entered judgment denying HA Lincoln's motion to intervene under both Civ.R. 24(A) and (B).

{¶ 9} HA Lincoln timely appealed the trial court's decision on May 6, 2019.

## II. ASSIGNMENTS OF ERROR

{¶ 10} HA Lincoln presents for our review two assignments of error:

1. The trial court erred by finding that the interests of Appellant HA Lincoln Park, LLC ("HA Lincoln Park") as a creditor of Defendant-Appellee Lincoln Preparatory Academy, Inc. ("Lincoln Prep") were too speculative to support intervention as a matter of right under Civ. R. 24(A).

2. The trial court erred by finding that the existing parties to the receivership would be unduly delayed and inconvenienced if HA Lincoln Park was permitted to intervene under Civ. R. 24(B).

## III.  LAW AND DISCUSSION

### A.  Jurisdiction

{¶ 11} As a preliminary matter, we address whether we have jurisdiction to hear HA Lincoln's appeal.

{¶ 12} Civ.R. 24 provides:

(A) Intervention of right.

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(B) Permissive intervention.

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(C) Procedure.

A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7 (A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

{¶ 13} OCSC and MMB argue that HA Lincoln has failed to establish that the trial court's denial of the motion to intervene is a final appealable order. OCSC and MMB rely on the Supreme Court of Ohio's ruling in *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, that a trial court's denial of a motion to intervene is a final appealable order "only if a fact-dependent statutory analysis under R.C. 2505.02 establishes that it is." (Appellees' Brief at 8, citing *Gehm* at ¶ 36.)

{¶ 14} But the Supreme Court, in the first paragraph of *Gehm,* establishes the limited nature of the holding in that case: "We hold that the denial of a motion to intervene, when the purpose for which intervention was sought may be litigated in another action, does not affect a substantial right that determines the action and prevents the judgment." *Id.* at ¶ 1. The Court concluded that "the denial of the motion in this case is not a final appealable order sufficient to establish jurisdiction for appellate review." *Id.*

{¶ 15} HA Lincoln moved to intervene in the receivership under Civ.R. 24(A) or, alternatively, under Civ.R. 24(B). HA Lincoln argues that the trial court's denial of the

motion on both grounds was a final appealable order under R.C. 2505.02 and we agree, finding that the provisions of R.C. 2505.02(B)(1), (2), and (4) are satisfied by HA Lincoln's arguments.

{¶ 16} With respect to its motion to intervene under Civ.R. 24(A), HA Lincoln argues that Lincoln's own sworn financial statements acknowledge HA Lincoln as a creditor, even though the complaint reflects that OCSC and MMB seek to distribute Lincoln's remaining assets solely to the Ohio Department of Education. HA Lincoln asserts that the proposed distribution contravenes R.C. 3314.074 and will directly harm HA Lincoln's ability to protect its interests. HA Lincoln argues the trial court's denial of its motion prevents HA Lincoln from asserting its interests in both the underlying matter and the receivership action as to the proper priority of distribution. HA Lincoln contends that Adams, as the receiver, cannot adequately represent its interests because Adams is biased and has a conflict of interest given the nature of his involvement in a related, pending case involving HA Lincoln and the receiver, Adams, that is referred to in the record as the "White Hat Management" case[4] and also referred to in the record as the "Underlying Litigation."

{¶ 17} With respect to its motion to intervene permissively under Civ.R. 24(B), HA Lincoln argues that the trial court's concern that intervention would unduly delay the receivership can be resolved by removing from the equation the source of concern: HA Lincoln's access to Lincoln Prep's legal bills in the underlying case or at least redacting discovery when necessary to protect privileged information.

{¶ 18} In addition to arguments made by HA Lincoln and our findings based on R.C. 2505.02, we have held that a denial of a motion to intervene constitutes a final appealable order. *See, e.g.*, *In re D.T.*, 10th Dist. No. 07AP-853, 2008-Ohio-2287, ¶ 8 ("An order denying a motion to intervene constitutes a final appealable order"); *Blackburn v. Hamoudi*, 29 Ohio App.3d 350 (10th Dist.1986). Our holdings are consistent with that of other Ohio courts. *See, e.g.*, *Likover v. Cleveland*, 60 Ohio App.2d 154, 155 (8th Dist.1978); *Frederick v. Third Natl. Bank & Trust Co.*, 2d Dist. No. CA 6673 (Sept. 18, 1980) (concluding that a trial court's denial of a motion to intervene as of right in a receivership action was a final appealable order); *In re C.J. & M.B.*, 8th Dist. No. 94210, 2010-Ohio-

---

[4] The White Hat Management case or "Underlying Litigation" is captioned as *Hope Academy Broadway Campus v. White Hat Management LLC, et al.,* Franklin C.P. No. 10CV-7423.

3202, ¶ 6 (intervention affects a substantial right when the purpose behind the motion cannot be litigated in another action).  None of these decisions are inconsistent with the Supreme Court's holding in *Gehm*.

{¶ 19}  Based on our review of the record of the underlying matter, we find that HA Lincoln has established that the trial court's denial of the motion to intervene is a final appealable order jurisdictionally sufficient for appellate review.

## B.  Standard of Review

{¶ 20}  An appellate court reviews a trial court's denial of a motion to intervene for an abuse of discretion.  *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, ¶ 41.  An abuse of discretion occurs when a trial court's discretionary judgment is unreasonable, arbitrary, or unconscionable.  *State ex rel. McCann v. Delaware Cty. Bd. of Elections*, 155 Ohio St.3d 14, 2018-Ohio-3342, ¶ 12; *State v. Meek*, 10th Dist. No. 16AP-549, 2017-Ohio-9258, ¶ 23.  As Justice O'Donnell of the modern Supreme Court of Ohio has opined, " '[a] court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts.' "  *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 49 (O'Donnell, J., dissenting), quoting *Doe v. Natl. Bd. of Med. Examiners*, 199 F.3d 146, 154 (3d Cir.1999).  Absent an abuse of discretion on the part of the common pleas court, this Court may not substitute its judgment for that of the common pleas court.  *Pons v. State Medical Bd.*, 66 Ohio St.3d 619, 621 (1993), citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-61 (1988).

{¶ 21}  Finally, we note that Civ.R. 24 is construed liberally in favor of granting intervention.  *See Merrill* at ¶ 41.  "It is well-settled that an appeal from the denial of a motion to intervene is limited solely to the issue of intervention."  *Wells Fargo Bank N.A. v. Brooks*, 7th Dist. No. 15 CO 0010, 2016-Ohio-8561, ¶ 10, citing *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶ 18, citing *Fouche v. Denihan*, 66 Ohio App.3d 120, 126 (10th Dist.1990) (reversing the denial of intervention and holding that the appeal was limited to the denial of the intervention motion).  Therefore, we proceed only on the matter of HA Lincoln's motion to intervene, first, according to Civ.R. 24(A), seeking intervention as of right, and second, according to Civ.R. 24(B), seeking intervention permissively.

**C. First Assignment of Error – Intervention as of Right (Civ.R. 24(A))**

{¶ 22} To intervene as a matter of right under Civ.R. 24(A)(2), HA Lincoln must show: (1) that the application to intervene is timely; (2) an interest relating to the property or transaction which is the subject of the action; (3) that it is so situated that disposition of action may as a practical matter impair or impede its ability to protect that interest; and (4) that the existing parties do not adequately represent its interests. *Fairview Gen. Hosp., v. Fletcher*, 69 Ohio App.3d 827, 830-31 (10th Dist.1990), quoting *Blackburn* at 352. Failure to meet any one of the elements will result in denial of the right to intervene. *Id.*

{¶ 23} In *Duryee v. PIE Mut. Ins. Co.*, 10th Dist. No. 98AP-535, *5-6 (Dec. 1, 1998), this Court stated:

> While no uniform definition of "interest" for purposes of Civ.R. 24(A) exists, an assessment of interest involves " ' * * * a realistic appraisal * * * of the immediacy of the interest of such a would be intervenor. Chaos would result if every citizen "interested" in the outcome * * * were permitted to intervene * * *. The interest of the intervenor must be more particularly in the subject matter of the lawsuit.' " *Fairview General Hosp., supra*, at 831, quoting *Rollins Cablevue, Inc. v. Saienni Enterprises* (D.Del. 1986), 115 F.R.D. 484, 487. Accordingly, in *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Femer & Smith, Inc.* (D.Del. 1983), 564 F. Supp. 1358, where the proposed intervenors' only claimed interest in the patent litigation was the potential loss of business to a competitor if the patent was found to be valid, the court found " 'this interest, without any factual support, is too speculative and therefore not a direct interest to satisfy Rule 24(a)(2).' " (Citations omitted.) *See, also, Fairview General Hosp., supra* (finding an interest that "in the event Fairview is granted permission to operate a Level III NICU at its hospital, University's NICU Level III unit may lose business and/or the cost of the health care in the area will increase" to be too speculative and not directly related to the legal issue of declaratory judgment concerning applicability of certificate of need legislation).

{¶ 24} The trial court relied on our holding in *Duryee* to find that HA Lincoln had not established it was entitled to intervene as a matter of right under Civ.R. 24 because its interest was not secured or memorialized in a judgment and because, "as a practical matter until HA Lincoln's pending claims against Lincoln Prep [in the White Hat Management litigation] are fully adjudicated[,] the degree or amount to which Lincoln Prep may be

indebted to HA Lincoln as a 'private creditor' under R.C. § 3314.074(A) is speculative." *See* Apr. 9, 2019 Decision and Entry at 7-8.

{¶ 25} Having independently reviewed the record, examined the briefs, listened to oral arguments, and applied the relevant law, we determine that there is sufficient evidence in the record to support the trial court's decision on intervention as of right under Civ.R. 24(A). Therefore, we find that the trial court did not abuse its discretion when it denied HA Lincoln's motion to intervene as a matter of right under Civ.R. 24(A).

{¶ 26} Accordingly, HA Lincoln's first assignment of error is overruled.

### D. Second Assignment of Error

{¶ 27} HA Lincoln argues the trial court erred by finding the existing parties to the receivership would be unduly delayed and inconvenienced if HA Lincoln was permitted to intervene and seek permissive intervention under Civ.R. 24(B).

{¶ 28} Civ.R. 24(B) provides that intervention may be permitted if the application is timely and "(1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." *Weikle v. Peake*, 3d Dist. No. 14-2000-09 (July 27, 2000). "In exercising its discretion, the court 'shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.' " *Merrill,* 2011-Ohio-4612, at ¶ 43, quoting Civ.R. 24(B)(2). Even for permissive intervention under Civ.R. 24(B), the rule is to be construed liberally in favor of granting intervention.

{¶ 29} The record of the underlying matter indicates that HA Lincoln shares questions of law and fact in common with OCSC and MMB, the latter two who filed for receivership for the sole purpose of allowing Adams to continue the related action involving HA Lincoln in the White Hat Management case. The trial court stated that the receivership could be unduly delayed by allowing HA Lincoln access to Lincoln Prep's legal bills in the underlying matter. The trial court may control discovery in such a case but it does not need to exclude HA Lincoln from permissive intervention in the receivership to do so. That is, the trial court may address its concerns by applying a remedy suggested by HA Lincoln, to wit: requiring that legal bills be redacted to protect attorney client communications and attorney work product. *See* Appellant's Brief at 26.

{¶ 30} HA Lincoln offers the following argument in favor of permissive intervention:

> As the receivership now stands, counsel for Lincoln Prep in the Underlying Lawsuit has been allowed to represent the receiver, a star witness and statutory representative of Lincoln Prep during periods at issue in the Underlying Lawsuit, but HA Lincoln Park was not permitted to intervene to protect substantial sums owed to it that are acknowledged in Lincoln Prep's sworn financial statements but now disclaimed by that same receiver and same counsel.
>
> Forcing Adams and counsel for the receivership and the Underlying Lawsuit to be accountable for their oversight of the assets of Lincoln Prep will not unduly delay the receivership–it will allow HA Lincoln Park to protect its interests as a substantial, acknowledged creditor of Lincoln Prep. Of course, if Adams and his counsel do not want to be held accountable, the solution also is simple–appoint a truly neutral, disinterested receiver who does not have anything to hide, or any stake in the Underlying Lawsuit.

(Appellant's Brief at 26-27.)

{¶ 31} Examining HA Lincoln's argument for permissive intervention within the context of the Supreme Court's dictate that Civ.R. 24 is to be construed liberally in favor of granting intervention, we find its argument well-taken. *Merrill* at ¶ 41. Having independently reviewed the record, we find that the trial court abused its discretion when it found that the existing parties to the receivership action would be unduly delayed and inconvenienced if HA Lincoln were permitted to intervene in the underlying matter. Accordingly, HA Lincoln's second assignment of error is sustained.

## IV.  CONCLUSION

{¶ 32} Based on the foregoing reasons, we overrule HA Lincoln's first assignment of error but sustain its second assignment of error. The judgment of the Franklin County Court of Common Pleas is affirmed in part, reversed in part, and we remand for further proceedings consistent with this decision.

*Judgment affirmed in part;*
*reversed in part; cause remanded.*

BEATTY BLUNT, J., concurs.
SADLER, P.J., concurs in part and dissents in part.

SADLER, P.J., concurs in part and dissents in part.

{¶ 33} I agree with the majority opinion's conclusion that the trial court's denial of HA Lincoln's motion to intervene in this receivership action constitutes a final, appealable order under R.C. 2505.02(B)(2) and that HA Lincoln's first assignment of error pertaining to intervention as of right under Civ.R. 24(A) should be overruled. However, I respectfully disagree from the majority opinion in two respects.

{¶ 34} First, unlike the majority, I would limit the conclusion regarding the final, appealable order to R.C. 2505.02(B)(2) alone. The trial court's denial of HA Lincoln's motion to intervene constituted a final, appealable order in this case under R.C. 2505.02(B)(2) as it affected a substantial right (intervention under Civ.R. 24) made in a special proceeding (R.C. 3314.074 receivership). *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 29 ("As a motion to intervene is a right recognized by Civ.R. 24, intervention constitutes a substantial right."); *Lucas v. Reywal Co., Ltd. Partnership*, 10th Dist. No. 17AP-479, 2019-Ohio-27, ¶ 15, citing *PNC Bank, N.A. v. Creative Cabinet Sys.*, 2d Dist. No. 2013-CA-14, 2014-Ohio-3264, ¶ 9 ("A receivership is a special proceeding."). *See also* R.C. 1702.50(B). Considering HA Lincoln's stated purposes for intervening, including challenging the appointment of the receiver, I believe immediate appellate review is necessary. *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, ¶ 10, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993) ("[A]n order affects a substantial right for purposes of R.C. 2505.02(B)(2) only if 'in the absence of immediate review of the order [the appellant] will be denied effective relief in the future.' "). However, having found R.C. 2505.02(B)(2) satisfied, I find it unnecessary to comment on R.C. 2505.02(B)(1) or (4).

{¶ 35} Second, I cannot say, on the facts of this case, that the trial court abused its discretion in denying HA Lincoln's Civ.R. 24(B) motion to intervene in this receivership. The purpose of the receivership here is to distribute the assets of the school "in accordance with R.C. 3314.074," hire and pay legal counsel to manage any pending lawsuits (presently, the White Hat litigation) and act on the school's behalf in resolution of such claims, pursue claims on behalf of the school, and take all actions in accordance with Loc.R. 66.06, which includes the filing of receivership plans and reports. (Oct. 28, 2018 Appointment of

Receiver at 1.)  As noted by the trial court, the aim of a receivership proceeding such as this is to effect the efficient and orderly administration of an estate for the benefit of creditors.

{¶ 36}  In this case, HA Lincoln is not yet a judgment creditor entitled to a possible distribution under R.C. 3314.074: that status is dependent on resolution of the underlying White Hat litigation in which HA Lincoln and the school have "dueling unresolved claims." (Apr. 9, 2019 Decision at 9.)  In denying HA Lincoln's motion to intervene under Civ.R. 24(B), the trial court specifically raised the "highly contested" nature of the underlying litigation and the fact it had been pending for over eight years at the time of the trial court decision rendered April 9, 2019.  (Decision at 9.)  In my view, the trial court recognized the potential for delay and prejudice arising out of HA Lincoln intervening in a receivership which, by its nature, involves management and resolution of the underlying litigation on which HA Lincoln's status as a creditor depends.  As an example, the trial court cited to its concern that HA Lincoln's involvement in the receivership could potentially stall payments to the school's counsel and give HA Lincoln prejudicial insight into the litigation tactics of the school's counsel in the White Hat matter.  Given the purpose of the receivership and the protracted litigation history between the parties, I do not believe the trial court acted unreasonably, arbitrarily, or unconscionably in reaching the conclusion that the intervention would "unduly delay or prejudice the adjudication of the rights of the original parties" to the receivership.  Civ.R. 24(B).

{¶ 37}  Therefore, I would find the trial court did not err in denying HA Lincoln's Civ.R. 24(B) motion to intervene and would overrule HA Lincoln's second assignment of error.  Accordingly, I would overrule both assignments of error and affirm the trial court opinion in its entirety.  Because the majority opinion holds otherwise, I respectfully concur in part and dissent in part.

———————————————