ERVIN, Chief Judge.
This is an appeal from a final order of the circuit court denying appellant’s motion to intervene in a suit filed by Community Hospital of Collier (Community) to mandate the Department of Health and Rehabilitative Services (HRS) to issue a certificate of need (CON), approving the construction of a 152-bed acute care hospital in Collier County. We reverse, since appellant has demonstrated a sufficient interest as an intervenor in the issue of whether a CON should be awarded to Community.
Community’s mandamus petition alleges: Community filed a CON application on June 15, 1983; pursuant to Florida Administrative Code Rule 10-5.08, the application was complete on August 15, 1983;[1] *377 HRS did not grant or deny the application within 45 days as required by Section 381.-494(8)(c), Florida Statutes; on October 23, 1983, Community filed a petition for formal proceedings against HRS to compel issuance of a CON by default; more than 60 days later, HRS had not forwarded the petition to the Division of Administrative Hearings; Community has exhausted all administrative remedies; since HRS failed to act on the CON application within the statutory period, the application is automatically deemed approved pursuant to Section 120.60(2), Florida Statutes; therefore Community has a legal right to compel HRS to issue a CON.
Appellant is a private hospital in Naples, which applied in 1983 for a CON to build a 50-bed satellite hospital in Collier County. HRS accepted appellant’s application for review in the August 15,1983 review cycle, and the application was deemed complete on October 15, 1983. Appellant claims that HRS has made no decision on its application.
Appellant’s timely filed motion to intervene alleges: Appellant is in the same factual and legal posture as Community; both appellant’s and Community’s CON applications are for proposed hospital facilities in the same service district; and if the court grants the writ of mandamus sought by Community, resulting in the issuance to Community of a CON by default, a CON should also be issued to appellant. In the alternative, appellant’s motion alleges: Issuance of a CON to Community would cause substantial overbedding in the pertinent service district, duplication of services and facilities, increased health care costs, and damage appellant’s ability to handle its large case load of the medically under-served; appellant is entitled to a comparative review of its application; an issuance of a CON by default would violate Florida and federal CON statute and rules. After a hearing, the lower court issued an order which denied appellant’s motion to intervene, but permitted appellant to appear as amicus curiae.
The denial of the motion to intervene should not be disturbed unless it clearly appears that the trial court abused its discretion. State of Delaware v. Florida First National Bank of Jacksonville, 381 So.2d 1075, 1078 (Fla. 1st DCA 1979). The test for intervention in the instant case is whether appellant’s interest is in the matter in litigation, and is of such a direct and immediate character that appellant will either gain or lose by the direct legal operation and effect of the judgment. Citibank, N.A. v. Blackhawk Heating & Plumbing, Inc., 398 So.2d 984, 986 (Fla. 4th DCA 1981). Also, the intervention must “be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.” Fla.R.Civ.P. 1.230.
The legal issue in the case in chief is whether Community is entitled to a CON by default because of the delay in determination of its application. In its position both as an existing hospital and a CON applicant in the same service district targeted in Community’s CON application, appellant has an interest in the matter in litigation. That interest has the required direct and immediate character since HRS evaluates CON applications, in part, in accordance with a quantitative standard, under which applications necessarily become competitors for the fixed pool of needed health services. Bio-Medical Applications of Clearwater, Inc. v. Department of Health and Rehabilitative Services, Office of Community Medical Facilities, 370 So.2d 19, 23 (Fla. 2d DCA 1979). See Section 381.494(6)(e), Florida Statutes. See also Federal Property Management Corporation v. Health Care and Retirement Corporation of America, 462 So.2d 493 (Fla. 1st DCA 1984). If Community receives a CON by default, it could have the effect of directly barring approval of appellant’s CON application.
*378 The fact that appellant has not petitioned for a writ of mandamus, or otherwise taken itself out of the normal HRS review process for a CON application, does not prevent intervention in the instant case. Also, the conduct of the appellant’s intervention, including any attempt to inject additional issues, can be presumably controlled by orders of the trial court. In summary, the trial court abused its discretion in denying intervention, since appellant has a direct and immediate interest, by reason of its CON application in the fixed pool of needed hospital beds in the pertinent service area.
Reversed and remanded for further consistent proceedings.
MILLS and ZEHMER, JJ., concur.

. We note that in HRS' response to the petition for writ of mandamus, it denies these first two allegations and affirmatively alleges that HRS did not accept Community’s application until *377 after July 25, 1983, and that Community waived, by later submitting corrections to its application, any claim that the application should have been deemed complete by August 15, 1983.