The **HARRISBURG HOSPITAL;** the **Good Samaritan Hospital; Lebanon Valley General Hospital; Philhaven Hospital; and Seidle Memorial Hospital, Plaintiffs**

v.

**Richard L. THORNBURGH, Governor; Walter Baran, Secretary of General Services; Pennsylvania State University, Defendants.**

Civ. A. No. 84–1755.

United States District Court,
M.D. Pennsylvania.

June 25, 1985.

Joel M. Ressler, Dist. Atty. Gen., LeRoy Zimmerman, Atty. Gen., Allen C. Warshaw, Dist. Atty. Gen., Harrisburg, Pa., Henry Barr, Office of General Counsel, Harrisburg, Pa., for defendants.

Delbert J. McQuaide and R. Mark Faulkner, McQuaide, Blasko, Schwartz, Fleming & Faulkner, Inc., State College, Pa., for Penn State.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction.*

The Health Care Alliance (Alliance), a charitable and educational corporation dedicated to aiding the public as consumers of health care services, has moved to intervene as a plaintiff in this action. The original plaintiffs, five health care providers, filed suit to challenge Pennsylvania legislation allowing defendant, Pennsylvania State University (PSU), to by-pass national and state laws which would normally have required PSU to obtain a certificate of need before starting new construction at the Hershey Medical Center. PSU and the other defendants, Richard L. Thornburgh, the Governor of Pennsylvania, and Walter Baran, Secretary of General Services, oppose the motion. For the reasons set forth below, we deny the request to intervene.

### II. *Discussion.*

#### A. *Intervention As Of Right.*

Fed.R.Civ.P. 24(a)(2) provides that a person may intervene in an action:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In *Pennsylvania v. Rizzo,* 530 F.2d 501, 504 (3d Cir.), *cert. denied sub nom. Fire Officers Union v. Pennsylvania,* 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976), the Third Circuit Court of Appeals stated the rule as follows:

Fred Speaker, Thomas B. Schmidt, III, Stephen L. Grose, Donna L. Fisher, Pepper, Hamilton & Scheetz, Harrisburg, Pa., for plaintiffs.

The question whether appellants were entitled to intervene of right depended on their satisfying the district court in three respects: first, that they had a sufficient interest in the matter, and that their interest would be affected by the disposition; second, that their interest was not adequately represented by the existing parties, and third, that their application was timely.

■ Without deciding the issue of standing, we can concede that the Alliance, as a representative of health care consumers, has an interest in this case since additional hospital construction without a showing of need may have an impact upon health care costs. With regard to the second consideration, however, we are not convinced that the Alliance's interests would not be adequately represented by the existing plaintiffs. The intervenor's proposed complaint, by its own admission, raises the same claims as the plaintiff health care providers. The only exception is the failure to allege the breach of contract claim made by the providers in count VII of their complaint. Hence, the intervenor's have not satisfied the second part of the test.

We find no merit in the intervenor's contention that its interests are different from the plaintiffs' because the plaintiffs are health care providers and the intervenor represents consumers. It is sufficient for the purposes of this lawsuit that their interests coincide. The providers and the intervenors have the same goal here—to require PSU to obtain a certificate of need before commencing construction at the Hershey Medical Center. In *Hoots v. Pennsylvania*, 672 F.2d 1133 (3d Cir.1982), Save Our Schools (SOS), an unincorporated association composed of property owners, tried to intervene in a ten year old lawsuit involving the restructuring of school district boundaries when the former school district tried to return to the taxpayers funds that had been collected for the districts. The district court refused intervention because it found that the interests of SOS were adequately represented by the Churchill School District, one of the districts involved in the restructuring. On appeal, the court of appeals rejected SOS's contention that its interests were not identical to the school districts. It stated as follows:

> Churchill's desired goal is precisely that of SOS: to effectuate a refund of taxes. There is no dissimilarity of interests on the refund issue. The Churchill School Board, when active, admittedly tempered its obligations to the pocketbooks of taxpayers with its obligations to the general public—especially school children and their parents, and therefore no identity of interest could have been exhibited between Churchill and SOS at that time. But since the court ordered merger, Churchill's only remaining motive is to maximize the taxpayers' refund. For all purposes relevant to the issues presented in this appeal, Churchill represents the taxpayers in the former school district. There are no differences in interest between Churchill and SOS at this stage of the proceedings.

*Id.* at 1135 (footnote omitted). The court went on to note that "[d]ifferences may develop, if Churchill decides not to appeal an adverse decision. In that event, SOS may renew its motions to intervene for purposes of appeal." *Id.* n. 3 (brackets added). Similar circumstances are present here and the intervenor has failed to show that its interests would not be adequately represented by plaintiffs.

With regard to the third part of the test, timeliness of the request to intervene, the court of appeals has said, citing *Nevilles v. EEOC*, 511 F.2d 303 (8th Cir.1975), that the following three factors should be considered: (1) how far the proceedings have gone before the movant seeks to intervene; (2) the prejudice that resultant delay might cause to other parties; and (3) the reason for the delay. 530 F.2d at 506.

■ The complaint was filed on December 31, 1984. The Alliance did not move to intervene until April 22, 1985. By that time, the parties had undertaken discovery and were preparing to file cross-motions for summary judgment and a stipula-

tion of facts. The litigation had accordingly proceeded substantially before the Alliance sought to intervene. Additionally, argument on the motions has been set for July 8, 1985, and if the proposed intervenor is permitted into the case, PSU has indicated a reasonable desire to explore the Alliance's standing to pursue its claims. This would delay a disposition of the case on the merits to the prejudice of the parties. Finally, the proposed intervenor has not set forth an adequate reason for waiting almost four months to attempt to enter the case. It asserts that its Board of Directors could not approve entering the suit until March 18, 1985 and the motion to intervene was filed within thirty days thereafter. In our view, timeliness for the purpose of Rule 24 must refer to the time frame of the litigation and not to any unilateral decision on the part of the intervenor as to when it should, or is able, to take action.

We conclude that the Alliance has failed to justify intervention as of right.

### B. *Permissive Intervention.*

 Fed.R.Civ.P. 24(b) provides, in pertinent part, as follows:

> Upon timely application anyone may be permitted to intervene in an action ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

We have already concluded in connection with the Alliance's request for intervention as of right that its application was not timely. This alone would justify denying permissive intervention. "Whether intervention be claimed of right or is permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.' If it is untimely, intervention must be denied." *Pennsylvania v. Rizzo, supra,* 530 F.2d at 506 (quoting *NAACP v. New York,* 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2602, 37

L.Ed.2d 648, 662 (1973)). Intervention would also delay or prejudice adjudication of the rights of the original parties. The language of the court of appeals from *Hoots v. Pennsylvania, supra,* is *apropos* here:

> [W]here, as here, the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue.'

672 F.2d at 1136 (brackets added).

We will issue an appropriate order.

### ORDER

AND NOW, this 25th day of June, 1985, it is ordered that the motion of the Health Care Alliance to intervene in this action shall be and is hereby denied.