FAIRVIEW GENERAL HOSPITAL, Appellee,

v.

FLETCHER, Director, Appellee;

University Hospital of Cleveland, Appellant.

[Cite as *Fairview Gen. Hosp. v. Fletcher* (1990), 69 Ohio App.3d 827.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1335.

Decided Oct. 16, 1990.

*Walter, Haverfield, Buescher & Chockley, James E. Betts, Marcia E. Hurt* and *Richard T. Hamilton, Jr.,* for plaintiff-appellee Fairview General Hospital.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Dennis G. Nealon,* for defendant-appellee.

*Roth & Rolf Co., L.P.A.,* and *Sheila P. Cooley,* for appellant.

BOWMAN, Judge.

On February 4, 1987, appellee, Fairview General Hospital ("Fairview"), sought permission from the Ohio Department of Health ("ODH") to change the status of its Neonatal Intensive Care Unit ("NICU") from a Level II to a Level III center. On March 5, 1987, ODH notified Fairview that it must apply for a Certificate of Need ("CON") in order to redesignate its fourteen neonatal intensive care beds. On August 31, 1987, Fairview filed a CON application and, on April 6, 1988, ODH denied Fairview's CON application. Fairview then requested an administrative appeal adjudication hearing, pursuant to R.C. 3702.58, before the CON board, which was later dismissed by Fairview. Appellant, University Hospital of Cleveland ("University"), one of the two registered hospitals having Level III perinatal services in the Cleveland area, was permitted to intervene in the CON proceedings.

In August 1988, Fairview filed an action in the Franklin County Court of Common Pleas seeking a writ of mandamus and declaratory judgment against the Director of ODH. Fairview sought a declaration that CON law did not apply to its request to designate its NICU a Level III and an order ordering the Director of ODH to designate its NICU a Level III.

On December 1, 1988, University filed a motion to intervene in the Franklin County Court of Common Pleas which was overruled, the trial court finding University could "prove no set of facts entitling it to relief."

University appeals the denial of its motion to intervene and asserts the following assignment of error:

"The trial court erred in denying University's motion to intervene."

■ Before addressing the merits of this appeal, we must first determine the issue raised by Fairview of whether or not the denial of the motion to intervene is a final appealable order. We conclude that it is a final appealable order since the order denying the motion affected a " * * * substantial right made in a special proceeding. * * * " R.C. 2505.02. "A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order." *General Acc. Ins. Co. v. Insurance Co. of North America* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266, at paragraph two of the syllabus. A denial of a motion to intervene has been held to affect a substantial right. See *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 155, 14 O.O.3d 125, 126, 396 N.E.2d 491, 492; *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 29 OBR 479, 505 N.E.2d 1010. Therefore, we find the order denying appellant's motion to intervene is a final appealable order.

■ The only issue raised for review is whether the trial court abused its discretion by overruling University's motion to intervene under Civ.R. 24.

Civ.R. 24 states:

"(A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"(B) Permissive intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

In *Blackburn, supra,* 29 Ohio App.3d at 352, 29 OBR at 480, 505 N.E.2d at 1012, this court set forth the essential elements demonstrating a right to intervene pursuant to Civ.R. 24(A)(2):

" * * * [T]he application must be timely and the applicant must show three conditions exist:

" ' * * * (1) that he claims an interest relating to the property or transaction which is the subject of the action; (2) that he is [so] situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (3) that the existing parties do not adequately represent his interest.' (Footnote omitted.) McCormac, Ohio Civil Rules Practice (1970), 80–81, Section 4.36."

Failure to meet any one of the elements in Civ.R. 24(A) will result in denial of the right to intervene.

As the court in *Blackburn* noted, no Ohio statute confers an unconditional right to intervene under Civ.R. 24(A)(1) and, thus, Civ.R. 24(A)(1) has no application to this case. Although University relies on R.C. 3702.58 as a statutory basis for intervention, that statute merely provides a right to participate in the administrative proceeding and does not provide an unconditional right to intervene pursuant to Civ.R. 24(A)(1).

As to its right to intervene, pursuant to Civ.R. 24(A)(2), University first argues that it has the requisite "interest" in the matter as contemplated by the rule. University's "interest" that it alleges in its motion to intervene is one as a competitor hospital. Civ.R. 24(A)(2) requires that the proposed intervenor claim an interest relating to the property or transaction which is the subject of the action.

Given the limited Ohio case law on the subject of intervention, the Staff Notes to Civ.R. 24 suggest referring to federal case law interpreting Fed. R.Civ.P. 24, which is analogous to Civ.R. 24.

In *Nuesse v. Camp* (C.A.D.C.1967), 385 F.2d 694, at 700, the court stated " * * * the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process. * * *" Courts have not been consistent in defining precisely what type of "interest" is sufficient for intervention; however, as the court stated in *Rollins Cablevue, Inc. v. Saienni Enterprises* (D.Del. 1986), 115 F.R.D. 484, at 487, " * * * a realistic appraisal must be made of the immediacy of the interest of such a would be intervenor. Chaos would result if every citizen 'interested' in the outcome of new legislation were permitted to intervene in litigation interpreting that legislation. The interest of the intervenor must be more particularly in the subject matter of the lawsuit. * * *" The intervenor in *Rollins* sought to intervene in a declaratory judgment action in order to have a court determine that its competitor's contract was not valid, thereby making its own contract valid. The *Rollins* court, at 487, reasoned that " * * * such a conditional interest in the validity

of the subject matter of litigation which, if held valid, will affect the profitability of other business interests of the would-be intervenor, has been held to be speculative and inadequate to permit intervention under Rule 24(a)(2). See *Paine, Webber v. Merrill Lynch, Pierce,* 564 F.Supp. 1358, 1372 (D.Del. 1983)."

In *Paine, Webber v. Merrill Lynch, Pierce* (D.Del.1983), 564 F.Supp. 1358, the subject of the declaratory judgment action involved the validity and enforcement of a patent. The court noted that the only interest the proposed intervenor claimed was that if the patent was found to be valid, he might lose business to his competitor because it would be offering better financial service. Accordingly, the *Paine, Webber* court found, at 1372, " * * * [t]his interest, without any factual support, is too speculative and therefore not a direct interest to satisfy Rule 24(a)(2). See 3B Moore's Federal Practice * * * 24.07[2]."

The subject matter and legal issues raised in the declaratory judgment center around whether CON law applies to Fairview's request for a redesignation of its NICU unit. The crux of University's claim is that, in the event Fairview is granted permission to operate a Level III NICU at its hospital, University's NICU Level III unit may lose business and/or the cost of the health care in the area will increase. We find this interest is, as discussed in the cases above, too speculative and not directly related to the legal issue of the declaratory judgment action sufficient to satisfy Civ.R. 24(A)(2). Once again, the threshold legal question involved in this declaratory judgment action is whether Fairview's request of the Director of the ODH to designate its NICU as a Level III is an activity to which Ohio's CON law applies. Only if the court decided that CON law did not apply to the request would the court reach the issue of whether the Level III designation should be granted. Therefore, any possible economic impact on University is speculative at best, considering the court may not even order the ODH to designate Fairview a Level III NICU.

It has elsewhere been held that an interest which is remote or contingent is insufficient to support intervention. *United States v. Carrols Development Corp.* (N.D.N.Y.1978), 454 F.Supp. 1215. The *Carrols* court specifically commented on the proposed intervenor's interest as a potential competitor in a civil antitrust action requiring divestiture of certain motion picture theatres.

The court in *Carrols* stated, at 1220:

" * * * This interest is contingent upon the occurrence of the events previously considered, and so is not a sufficiently direct and substantial interest to satisfy Rule 24(a)(2). Even if Kallet were presently a competitor of

Carrols, it would not have a sufficient interest to intervene as of right in this lawsuit. * * * "

University argues that, because as a competitor it was permitted to intervene in the CON process, it should also be permitted to intervene in cases determining whether CON law is applicable. University relies mainly on three cases in support of its argument that the forum in which the action is brought should not matter. However, these cases are inapposite to University's situation.

In *Naples Community Hospital, Inc. v. Dept. of Health & Rehabilitative Services* (Fla.App.1985), 463 So.2d 375, the subject of the mandamus action was whether Community Hospital should be awarded a CON, approving the construction of an acute care hospital. The proposed intervenor claimed a direct interest in the matter only because it had submitted a similar CON application for the same area which had not been ruled on. Therefore, if Community received its CON, it would have a direct bearing on the approval of the proposed intervenor's CON application and the court found the intervenor had a direct interest under Florida's CON law in the pending litigation pursuant to Fla.R.Civ.P. 1.230.

Likewise, in *Iowa State Dept. of Health v. Hertko* (Iowa 1979), 282 N.W.2d 744, a political subdivision was permitted to intervene in injunction actions brought by the Iowa Health System Agency, Inc., and Iowa State Department of Health against Iowa Methodist Health Center. However, the decision was based on an interpretation of Iowa R.Civ.P. 75 which, similar to Civ.R. 24(B), granted a permissive right to intervene. The court found that an Iowa statute granting to political subdivisions a right to participate in injunction actions was a sufficient interest to support permissive intervention.

While the court in *Harrisburg Hosp. v. Thornburgh* (D.C.Pa.1985), 611 F.Supp. 900, found a competitor hospital to have an interest in that case sufficient to allow intervention, the subject matter of the case was pending legislation allowing a hospital to bypass CON laws for the construction of a new medical center. The proposed intervenor in *Thornburgh* and appellant are not similarly situated. University has not shown any legally protectable interest in the declaratory judgment action. See *Lake Investors Dev. Group v. Egidi Dev. Group* (C.A.7,1983), 715 F.2d 1256.

Procedurally, Civ.R. 24(C) requires that a motion for intervention " * * * be accompanied by a pleading setting forth the claim or defense for which intervention is sought. * * * " Implicit in this rule is that University claim an "interest" which is direct, substantial and legally protectable. Since University failed to do so, the trial court correctly overruled University's

motion to intervene on the basis that it could "prove no set of facts entitling it to relief."

■ Even assuming University's interest was sufficient, University also fails to meet the second element of Civ.R. 24(A)(2), that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest.

University argues that, if the court would grant Fairview's request ordering ODH to allow it to provide Level III perinatal services, such a request would be the same as granting a CON to Fairview by ODH. In doing so, the hospital argues that an additional Level III provider in the market will impair University's ability to maintain its current level of quality and cost effective perinatal Level III care to the community. Since this interest is only speculative at best and University is similarly situated with another existing Level III provider, a granting of a third Level III NICU without intervention will not make it impossible for University to protect its economic interest. Aside from intervention, there are other ways for University to protect its interest of maintaining its current level of perinatal care.

As the court in *Paine, Webber, supra,* 564 F.Supp. at 1372, noted:

" * * * This is not a case where a discrete, distinguishable fund exists and where the proposed intervenor has some presently, legally enforceable interest in that fund or where his claim against that fund arises from the same factual basis as does the claim in the original action. *See Calvert Fire Insurance Co. v. Environs Development Corp.,* 601 F.2d 851 (5th Cir.1979). Nor is this a case where, without intervention, it would be impossible for the proposed intervenor to obtain in personam jurisdiction over an alien party in which it seeks relief. *See Diaz v. Southern Drilling Corp.,* 427 F.2d 1118 (5th Cir.), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).

"Finally, this is not a case where if the action is decided in the intervenor's absence, the *stare decisis* effect of the decision would significantly impair the intervenor's ability to prosecute his allegations. *See Jet Traders Investment Corp. v. Tekair Ltd.,* 89 F.R.D. 560, 570–71 (D.Del.1981). The legal arguments asserted by Leighton are significantly different from those arguments asserted by Paine Webber. Any holding against Paine Webber would not have an effect on Leighton's ability to pursue his allegations against Merrill Lynch. Accordingly, Leighton cannot intervene in this action pursuant to Rule 24(a)(2)."

■ Finally, University also fails to meet the third requirement of Civ.R. 24(A)(2), that the intervenor's interest not be adequately represented by the existing parties.

The burden of proving inadequacy of representation is on the party seeking intervention, although this burden is a minimal one. See *Trbovich v. United Mine Workers of America* (1972), 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686. The most important factor to consider is the relation of the proposed intervenor's interest to that of the representative. 7A C. Wright & Miller, Federal Practice and Procedure (1972), Section 1909, at 524.

"Representation is generally considered adequate if no collusion is shown between the representative and an opposing party, if the representative does not represent an interest adverse to the proposed intervenor and if the representative has been diligent in prosecuting the litigation. *Olden v. Hagerstown Cash Register, Inc.*, 619 F.2d 271, 274 75 (3d Cir.1980) (Per curiam); *Martin v. Kalvar Corp.*, 411 F.2d 552, 553 (5th Cir.1969). *See also, National Farm Lines v. ICC*, 564 F.2d 381 (10th Cir.1977); *Nuesse v. Camp*, 385 F.2d 694 (D.C.Cir.1967); *Holmes v. Government of Virgin Islands*, 61 F.R.D. 3 (D.V.I.1973)." *Delaware Valley Citizens' Council v. Pennsylvania* (C.A.3, 1982), 674 F.2d 970, at 973.

A party charged by law with representing the interests of the absent party will usually be deemed adequate to represent the proposed intervenor. By statute, the ODH "shall have supervision of all matters relating to the preservation of the life and health of the people * * *." R.C. 3701.13. The Director, representing ODH, is therefore responsible for maintaining quality and cost effective health care throughout Ohio, including the area served by University. Thus, to the extent University argues a right to intervene to protect the quality of the health care available in the Cleveland area, that interest is adequately represented by ODH. As discussed above, University's economic interests which it seeks to protect are speculative, insufficient and there would be other appropriate remedies to protect its economic interests should the need arise.

University has failed to show its interest will not be adequately represented by the Director of ODH. Although University may have a possible economic interest produced by the results of litigation, both parties share identical positions on the primary issue involved in the litigation, whether CON law governs Fairview's Level III designation request. Therefore, for the reasons stated above, the trial court correctly denied University's motion to intervene as a matter of right.

■ University argues in the alternative that it should be able to intervene under Civ.R. 24(B)(1).

Civ.R. 24(B)(1) states in pertinent part:

"(B) Permissive intervention.   Upon timely application anyone may be permitted to intervene in an action:   (1) when a statute of this state confers a conditional right to intervene * * *."

University asserts that, because R.C. Chapter 3702 confers a right upon "affected persons" to intervene in CON proceedings, it is implicit that appellant is given this same right in a declaratory judgment action.

At the discretion of the court, an applicant may intervene if a statute of Ohio confers a conditional right to intervene.   While several statutes do expressly confer a conditional right to intervene in some proceedings, cf. R.C. 2307.27 (an action for the recovery of property) and R.C. 733.581 (taxpayer in certain injunction actions), no statute confers a right to intervene in actions such as this.   A right to participate in an administrative hearing does not necessarily translate into a conditional right to intervene in a civil action pursuant to Civ.R. 24(B).

Thus, the trial court did not abuse its discretion and we will not reverse the decision denying the motion to intervene under Civ.R. 24(B).   *United States v. Woolery* (C.A.5, 1984), 740 F.2d 359.

█ Fairview filed a motion pursuant to App.R. 23 seeking an award of attorney fees and costs on the basis that University's appeal is frivolous.   In response, University filed a motion pursuant to Civ.R. 11 requesting fees and costs for responding to Fairview's App.R. 23 motion.

Given the paucity of Ohio law as to the right to intervene in civil litigation pertaining to CON, we are unable to determine that this appeal is frivolous under App.R. 23 and thus must deny Fairview's motion for fees under that rule.   However, Fairview's motion for attorney fees will be sustained due to the fact that there was no reasonable cause for appeal pursuant to R.C. 2505.35, which states in part:

"In an appeal on questions of law, if the final order, judgment, or decree is affirmed, or if the appeal is dismissed for want of prosecution, as part of the costs in the case there may be taxed a reasonable fee of not more than two hundred fifty dollars, to be fixed by the appellate court, for the counsel of the appellee.   * * *"

The record before us does not support reasonable grounds for appeal and, thus, Fairview is entitled to an award of attorney fees in the amount of $250.

Accordingly, Fairview's motion for attorney fees is sustained and University's motion for attorney fees is overruled.

For the foregoing reasons, University's single assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and MARTIN, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.