OPINION
On January 1, 1996, Rodino Piunno shot his estranged wife, Marlene Piunno, her companion, John Morelli, and himself. Mrs. Piunno was the only survivor.
The Piunnos had executed a separation agreement on November 27, 1995, which was later declared null and void due to fraudulent concealment of assets by Mr. Piunno. Mr. Piunno executed a will on December 5, 1995, leaving his entire estate, valued at over $800,000, to his three sons. The will was filed in the Probate Division of the Geauga County Court of Common Pleas, on January 5, 1996. Mrs. Piunno filed a notice with the court electing to assert her right as a surviving spouse to take against the will. Her attorneys, appellants Richard G. Lillie and Glenn F. Patsch, filed complaints on her behalf against the estate, in the General Division of the Geauga County Court of Common Pleas, for assault and battery and fraudulently concealing assets, for compensation under Ohio's Victim of Crime fund, and assisted her in having the separation agreement declared null and void by the Probate Court.
Appellants allege that the claims by Mrs. Piunno were successful, although that fact is not obvious from the record. Nevertheless, she at some point terminated her relationship with appellants and retained new legal representation. On April 7, 1998, appellants, in order to protect their right to collect their fees, filed a motion to intervene as parties in the determination of Mr. Piunno's estate. The trial court denied the motion on May 5, 1998. They now appeal the trial court's denial of their motion and raise the following assignment of error for our review:
 "The trial court erred in denying appellants' motion to intervene."
 In their assignment of error, appellants assert that the trial court abused its discretion by denying their motion to intervene. Appellants argue that Mrs. Piunno owed them attorney fees for services provided and that they, therefore, had an interest in the funds she would receive from the estate. Appellee counters that the trial court ruled correctly because appellants have no interest in the funds held in the estate and that the probate court has no jurisdiction to consider their claim for attorney fees.
 The following elements must be met, under Civ.R. 24(A), before a party may intervene in a lawsuit: (1) the intervenor must claim an interest relating to the property or transaction that is the subject of the action; (2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; (3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and, (4) the motion to intervene must be timely. Fairview Gen. Hosp. v. Fletcher (1990), 69 Ohio App.3d 827, 831, 591 N.E.2d 1312, 1314-1315. "Failure to meet any one of the elements in Civ.R. 24(A) will result in denial of the right to intervene." Id.
The standard of review of a trial court's denial of a motion to intervene is abuse of discretion. Jamestown VillageCondominium Owners Assn. v. Market Media Research, Inc. (1994),96 Ohio App.3d 678, 694, 645 N.E.2d 1265, 1272. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140, 1141-1142.
We cannot hold that the trial court abused its discretion in denying appellants' motion to intervene. Appellants do not have an interest in the estate, just a potential claim against the proceeds that might be paid to Mrs. Piunno. Furthermore, they are not in a position where their right to collect their fees will be impaired or impeded by the outcome of the proceedings. Appellants may protect their rights by filing an attorney's lien against any final judgment obtained as a result of the work they did on claims against the estate in the General Division, filing an attorney's lien against any distributions due Mrs. Piunno, secured as a result of their work in Probate Court, and/or obtaining a judgment lien against Mrs. Piunno for their unpaid fees. Because appellants could not meet all of the elements set forth in Civ.R. 24(A), their assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
 ______________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.