DECISION AND JUDGMENT ENTRY
The Ohio State University Hospital appeals from a judgment denying its motion to intervene in the Lawrence County Probate Court proceedings to distribute assets from the estate of Georgia McMullen. In prior proceedings, OSUH was found liable for her wrongful death.[1] OSUH assigns two errors for our review:
Assignment of Error No. 1:
 The Probate Court of Lawrence County erred when it denied The Ohio State University Hospital's Motion to Intervene as of right pursuant to Rule 24(A)(2) of the Ohio Rules of Civil Procedure.
 Assignment of Error No. 2:
 The Probate Court of Lawrence County erred when it denied The Ohio State University Hospital's Motion for Permissive Intervention pursuant to Rule 24(B) of the Ohio Rules of Civil Procedure.
Finding some merit in the argument in appellant's first assignment of error, we reverse and remand for further proceedings.
The OSUH filed a motion in probate court's administration of the estate of Mrs. McMullen to intervene under Civ.R. 24, accompanied by a complaint for declaratory judgment. The Lawrence County probate court denied the motion to intervene in an entry that reads in its entirety:
 "This matter came before the Court upon the motion of the Ohio State University Hospitals in intervene in the wrongful death proceedings before this Court regarding the Estate of Georgia Gibson McMullen. Upon full consideration of the motion and Ohio law, the Court hereby determines said motion is not well taken and is denied by the Court. IT IS SO ORDERED."
We are asked to decide whether a state university tortfeasor that has a money judgment rendered against it in a wrongful death action can intervene in a probate court's distribution of those proceeds. OSUH argues that it should be allowed to intervene because distribution among the beneficiaries ultimately effects the extent of its right to statutory setoff for collateral source benefits under R.C. 3345.40(B)(2).[2]
Appellant claims the right to intervene in the probate proceedings under Civ.R. 24(A) which states:
 "(A) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * 2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
Intervention as of right under Civ.R. 24(A)(2) is not a matter left wholly within the sound discretion of the trial court. See Thomas v. CookDrilling Corp. (1997), 79 Ohio St.3d 547, 554 (Cook, J., dissenting). Instead, Civ.R. 24(A)(2) requires that "anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." See Fairview General Hospital v. Fletcher (1990),69 Ohio App.3d 827.
Inclusion of the word "shall" limits, to some degree, the trial court's discretion to deny a motion to intervene under Civ.R. 24(A)(2). AccordKash v. Buckeye Air Compressor (Feb. 11, 1994), Montgomery App. No. 14123, unreported ("shall" limits discretion to some degree); and Klein 
Darling Baldwin's Ohio Practice, Civil Practice (1999), p. 991. Moreover, the Supreme Court of Ohio mandates liberal construction of Civ.R. 24(A)(2) in favor of intervention, which further persuades us that something more than the normal deferential abuse of discretion standard should be applied to a motion to intervene as of right under Civ.R. 24(A)(2).
The trial court in this case dismissed appellant's motion to intervene in a two-sentence entry. The trial court did not include any rationale or discussion of the elements that must be established for intervention under Civ.R. 24(A)(2). As a general rule, Ohio appellate courts will assume the trial court considered relevant factors, unless findings are specifically mandated by the rule or statute at issue. We concede that the rule itself does not contain a mandate to make specific findings when deciding a motion to intervene. However, in light of the fact that the trial court is not given unfettered discretion to deny intervention as of right pursuant to Civ.R. 24(A)(2), we believe that the trial court should have stated its rationale for denying OSUH's intervention. Without some indication of what factors the trial court considered and the rationale for its decision, we are left to speculate why the court reached this decision. We believe that given the limited discretion to deny a motion to intervene as of right, the trial court should provide some indication that it adequately considered OSUH's intervention motion, not just summarily dismissed it. In other words, without some analysis from the trial court, we are unable to provide effective appellate review. See, by way of analogy, Slone v. Slone (Nov. 22, 1996), Pike App. No. 95CA557, unreported (Harsha, J., dissenting in part) and Zimmer v. Zimmer (Jan. 19, 1994), Greene App. No. 93CA25, unreported, both dealing with effective appellate review in the domestic relations context. See, also,Jamestown Village Condominium Owners Assn. v. Market Media Research,Inc. (1994), 96 Ohio App.3d 678, 695 reversing the trial court's decision to deny intervention because the court did not provide any rationale for its ruling.
Therefore, we reverse and remand with instructions to the trial court to prepare a revised entry that will allow effective appellate review of its decision in light of the requirements of Civ.R. 24(A).
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
William H. Harsha, Judge.
Kline, J. Evans, J. Concur in Judgment and Opinion.
 APPENDIX
In July 1990, Georgia McMullen underwent a bone marrow transplant at The Ohio State University Hospital (OSUH) as part of her medical treatment for leukemia. Afterward, she experienced high fevers and a possible viral infection. She eventually developed breathing problems and elected to be placed on a ventilator system. In October 1990, as a result of certain complications with her ventilator system, Mrs. McMullen lapsed into a comma. She died on October 21, 1990.
Phillip McMullen, individually and as executor of the estate of Georgia McMullen, brought a wrongful death claim against OSUH in the Ohio Court of Claims. The Court of Claims found OSUH liable and entered judgment in favor of the survivors in the amount of $250,000, subject to the right of set-off under R.C. 3345.40(B)(2) for collateral benefits. The case was then transferred to the Lawrence County Probate Court for allocation of the $250,000 judgment award among the survivors, taking into account the collateral benefit reduction.
The Lawrence County Probate Court divided the award among four beneficiaries, which included the deceased's mother, husband, and two children. The court allocated $245,000 to the deceased's mother; and divided the remaining $5,000 among the deceased's husband and two children. The probate court determined that deceased's mother did not receive any collateral benefits, therefore set off did not apply to her award. However, since the appellant's husband and two children did receive collateral benefits, their $5,000 collective award was reduced to zero. The case was transferred back to the Court of Claims, which adopted the probate court findings and rendered final judgment for the executor in the amount of $245,000.
OSUH appealed the Court of Claims decision to the Tenth District Court of Appeals challenging, among other things, the Court of Claim's referral of the allocation of damages to the Lawrence County Probate Court. OSUH also contested the Court of Claims authority to adopt the decision of the Probate Court after it had allocated the damages and applied the setoffs. See McMullen v. Ohio State Univ. Hosp. (Sept. 22, 1998), Franklin App. Nos. 97API10-1301 and 97API10-1324, unreported. The Tenth District sustained appellant's assignment of error and remanded to the Court of Claims with instructions to enter a revised judgment award, which calculated and deducted the collateral benefit reduction for each beneficiary before transfer to the Lawrence County Probate Court. Id. The Tenth District reasoned that the statutory setoff rights conferred an entitlement that must be litigated in the Court of Claims and that the Lawrence County Probate Court did not have jurisdiction to, in affect, modify a judgment award from the Court of Claims.
However, the Supreme Court of Ohio reversed the Court of Appeals, seeMcMullen v. Ohio State Univ. Hosp. (2000), 88 Ohio St.3d 332. The Supreme Court agreed with the Tenth District that the Court of Claims had original jurisdiction to determine the deduction of collateral source benefits under R.C. 3345.40(B)(2). However, the Supreme Court found that the Court of Claims could only exercise its jurisdiction to determine the set-off for collateral benefits after the probate court had allocated the aggregate award among the beneficiaries under R.C. 2125.03(A)(1). As a matter of due process, the Supreme Court pointed out that applying setoffs before distribution could arbitrarily reduce one beneficiary's award by another beneficiary's collateral benefits since the probate court can allocate the award differently than the Court of Claims. Id. at 343. See, also, Sorrell v. Thevenir (1994), 69 Ohio St.3d 415; andBuchman v. Wayne Trace Local School Dist. Bd. of Edn. (1995),73 Ohio St.3d 260 (both cited in McMullen). The Court made it clear that it would be improper to allow one party's recovery to be reduced by another person's collateral benefits. McMullen at 343. The Court also stated that reduction of collateral source benefits before distribution would cause the setoff statute to operate contrary to its presumed goal, which is to eliminate or prevent double recovery. Id. at 344. The Supreme Court remanded the case to the Court of Claims, which transferred the matter to the Lawrence County Probate Court.
[1] A summary of the prior proceeding appears as an appendix to this opinion.
[2] R.C. 3345.40(B)(2) states:
 (B) Notwithstanding any other provision of the Revised Code or rules of a court to the contrary, in an action against a state university or college to recover damages for injury, death, or loss to persons or property caused by an act or omission of the state university or college itself, by an act or omission of any trustee, officer, or employee of the state university or college while acting within the scope of his employment or official responsibilities, or by an act or omission of any other person authorized to act on behalf of the state university or college that occurred while he was engaged in activities at the request or direction, or for the benefit, of the state university or college, the following rules shall apply:
* * *
 (2) If a plaintiff receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against the state university or college recovered by the plaintiff. * * * (Emphasis added).