DISSENTS, SAYING:
 {¶ 10} I believe that the trial court erred in denying Appellant's motion to intervene and I would reverse, allowing Appellant to intervene in the underlying action.
 {¶ 11} Harry Gehm filed the underlying action in the Summit County Court of Common Pleas, Case Number 2004-10-5803. In the complaint, he alleges that he and Timberline had entered into a contract for the construction of a building on Mr. Gehm's property. Mr. Gehm claims that Timberline breached the contract by failing to repair or correct defects and deficiencies in the building after being notified of them. His complaint seeks rescission of the contract and damages in excess of $25,000.00 for breach of warranty, breach of contract, negligence and unjust enrichment.
 {¶ 12} At the time of the building construction at issue in the underlying claim, Timberline had a policy of commercial insurance issued by Westfield Insurance Company (Appellant). Appellant states that upon being notified of the litigation, Timberline contacted Appellant requesting that Appellant provide a defense attorney and indemnification. Appellant provided Timberline with defense counsel "while expressly reserving all of [its] rights and defenses under the policy, through a Reservation of Rights."
 {¶ 13} Appellant thereafter filed its Motion for Leave to Intervene in the underlying action. Appellant argues that the factual determination of the damages will be "crucial concerning the determination of the issue of whether the exclusions set forth in [the insurance] policy bar coverage," and thus, the trial court erred in denying its motion.
 {¶ 14} Appellant's motion to intervene was neither contested at the trial court level, nor was it contested on appeal. Furthermore, in its journal entry, the trial court merely stated that the motion was denied without any mention as to reasons behind its decision. Thus, App. R. 18(C) permits reversal of the decision of the trial court if the facts and issues as stated in Appellant's brief appear to sustain such action.
 {¶ 15} Civ. R. 24(A) permits a party to intervene in an action in which it has an interest and intervention is necessary to protect that interest. Pursuant to Civ. R. 24(A), four elements must be met before a party may intervene:
"(1) the intervenor must claim an interest relating to the property or transaction that is the subject of the action; (2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; (3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and (4) the motion to intervene must be timely." Henderson, Admr. v. Luhring, 5th Dist. No. 02-COA-017, 2002-Ohio-4208 at ¶ 16, citing Fairview Gen. Hosp. v.Fletcher (1990), 69 Ohio App.3d 827, 831.
 {¶ 16} As no objections have been made as to whether Appellant has met any of the above elements, I will consider whether Appellant's arguments support its claim that it should be permitted to intervene. Regarding the first element to be met before a party may intervene, Appellant asserts that intervention in the underlying case is necessary to preserve defenses that it has under the insurance policy that Timberline maintained. Under the aforesaid insurance policy, Timberline is not covered for certain types of damage to property or work. Appellant thus claims that the factual determination of what category Mr. Gehm's damages fall under effect whether or not Appellant must indemnify Timberline and, if so, in what amount. Thus, Appellant has a financial interest at stake in the underlying action and the first element is met.
 {¶ 17} In regard to the second element, we look to Howell v.Richardson, 45 Ohio St.3d 365, 368, in which the Supreme Court held that: "where a determination is made in an initial action instituted against a tortfeasor relative to his culpable mental state, collateral estoppel precludes relitigation of the determination in a subsequent proceeding brought against his insurer[.]" As Appellant is in privity with Timberline and as it would be barred from relitigating certain factual determinations if it were not permitted to intervene in the underlying actions pursuant to Howell, I find that the second requirement has been met.
 {¶ 18} The third element that Appellant must show is that its interest would not be adequately represented by the current parties. It is sufficient to say that neither the property owner nor the insured contractor has an interest in protecting and representing Appellant insurance company's interests. In fact, in certain circumstances, Appellant's interests may be contrary to the interests of the instant parties to the action.
 {¶ 19} Finally, Appellant's motion to intervene must be timely for the fourth element to be met to allow Appellant to intervene in the underlying action. Appellant's motion to intervene was amongst the first documents filed in the underlying action, consequently, Appellant has met the fourth requirement.
 {¶ 20} Appellant has met all four elements necessary for a party to intervene. In Thomas v. Cook Drilling Corp. (1997), 79 Ohio St.3d 547, the Supreme Court found that it was not an abuse of discretion to deny an untimely motion to intervene where the insurance company in question had no interest in the action. In the instant case however, Appellant's motion was timely made and it demonstrated an interest in the underlying action. Appellant "is so situated [that] the disposition of [the underlying] action may impair or impede its ability to protect its interest unless it is permitted to intervene in the action." Sabbato v.Hardy (July 23, 2001), 5th Dist. No. 2001CA00045, at 7. Therefore, I would find that the trial court abused its discretion in denying Appellant's motion for leave to intervene in the underlying action.