[Cite as *M&M Winfield, L.L.C. v. Huntington Natl. Bank*, 2014-Ohio-196.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| M&M WINFIELD, LLC | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2013 AP 04 0019 |
| | : | |
| | : | |
| HUNTINGTON NATIONAL BANK | : | O P I N I O N |
| | : | |
| Intervening Defendant-Appellant | | |

CHARACTER OF PROCEEDING:     Civil appeal from the Tuscarawas County
                             Court of Common Pleas, Case No.
                             2011CV070800

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 16, 2014

APPEARANCES:

For Plaintiff-Appellee                For Intervening Defendant-Appellant

MICHAEL JOHNSON                       TODD BUNDY
Johnson Urban & Range Co., LPA        ROBERT PRESTON III
117 South Broadway                    Black, McCuskey, Souers & Arbaugh
Box 1007                              220 Market Avenue South, Ste. 1000
New Philadelphia, OH 44663            Canton, OH  44702

*Gwin, P.J.*

{¶1} Appellant appeals the March 27, 2013 judgment entry of the Tuscarawas County Court of Common Pleas denying Huntington National Bank's motion to intervene.

*Facts & Procedural History*

{¶2} On July 26, 2011, appellee M&M Winfield, LLC filed a declaratory judgment complaint against Paul Richmond ("Richmond") and Huntington Mortgage Company ("Huntington Mortgage"). The complaint alleged that the legal descriptions for the real property owned by appellee and Richmond were incorrect and requested the court switch the legal descriptions for the parcels. Appellee sold a real estate lot to Richmond and, at the same time, had other acreage transferred into lots. Due to a mix-up in recording the deeds, Richmond took title to appellee's adjacent lot. Richmond built a home on the lot he purchased. Richmond received a mortgage on the property from National City Bank to build the residence, and the mortgage is serviced by Huntington Mortgage, where Richmond sends his payments. Huntington National Bank, as successor to Sky Bank, also holds a mortgage on the lot owned by appellee and surrounding the lot at issue.

{¶3} The Clerk of Courts sent a summons on complaint to Huntington on July 27, 2011. The signed certified mail receipt from Huntington Mortgage was returned to the Clerk of Courts as served on August 1, 2011. On November 29, 2011, appellee filed a motion for default judgment against Huntington Mortgage and motion for judgment on the pleadings against Richmond. The trial court filed an entry on December 20, 2011, scheduling an oral evidentiary hearing on the complaint and the

motions for January 12, 2012.  A copy of this judgment entry was mailed to Huntington Mortgage.

{¶4}   The trial court held an evidentiary hearing on January 12, 2012.  On June 6, 2012, the trial court filed a judgment entry transferring the real estate and mortgages. The trial court made the following factual findings:  Huntington Mortgage got a mortgage from Richmond for the deeded lot; Richmond has his home on the lot owned by appellee; Richmond signed a quit-claim deed to appellee in October of 2010 but the deed has not been recorded because of Huntington Mortgage's failure to cooperate and transfer its mortgage onto the Richmond home; appellee built a residential dwelling on the lot wrongly deed to Richmond; appellee signed a quit-claim deed to Richmond in September of 2010 but the deed was not recorded due to Huntington Mortgage's failure to cooperate and transfer its mortgage onto the proper lots; both appellee and Richmond have attempted for more than 2 years to exchange lots but Huntington Mortgage has not cooperated to move its residential mortgage from appellee's property onto the Richmond dwelling property; and that, prior to the hearing, Richmond contacted Huntington Mortgage and was informed that Huntington would not participate in the hearing on January 12, 2012.   The trial court also stated that "Defendant Huntington Mortgage was not present and has not made an appearance in this matter."

{¶5}    In a June 6, 2012 judgment entry, the trial court ordered the Tuscarawas County Recorder to correct the real property descriptions on the parcels and to transfer the mortgage encumbering Richmond's previously-described parcel to Richmond's new parcel, the parcel formerly owned by appellee.  Also in the judgment entry, the trial court

set a hearing date on damages and court costs for July 12, 2012. The judgment entry indicates a copy was mailed to Huntington Mortgage.

{¶6} In a July 13, 2012 judgment entry the trial court rendered judgment in favor of appellee against Huntington Mortgage in the amount of $429,549.50, plus interest and costs. The trial court stated that appellee presented evidence against Huntington Mortgage relative to the issue of damages. Further, that no legal counsel for Huntington Mortgage or officer of the company appeared at the hearing. The judgment entry indicates a copy with notice of appealable order was mailed to Huntington Mortgage. The record demonstrates that no mailings were refused or returned to the Clerk of Courts from Huntington Mortgage. In addition, the trial court took evidence at the January 12, 2012 and July 12, 2012 hearings, but neither party requested or supplied this Court with the transcripts of those hearings. No appeal was taken from the July 13, 2012 final appealable order judgment entry.

{¶7} On January 24, 2013, Huntington National Bank filed a motion to intervene as a defendant to assert its mortgage interest against appellee and included a proposed answer, crossclaim, and third-party complaint. Huntington National Bank stated it has a mortgage interest in the parcel of real property that is the subject of this action, that such interest is not adequately represented by existing parties, and that Huntington Mortgage merged out of existence in 2002. Appellee filed a response to Huntington National Bank's motion on February 1, 2013, and attached a document as Exhibit A that indicates Huntington Mortgage was accepting payments until at least October of 2012. The trial court held an oral hearing on Huntington National Bank's motion on February

19, 2013. On March 27, 2013, the trial court denied Huntington National Bank's motion to intervene.

{¶8} Appellant appeals the March 27, 2013 judgment entry of the Tuscarawas County Court of Common Pleas and assigns the following as error:

{¶9} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING HUNTINGTON NATIONAL BANK'S POST-JUDGMENT MOTION TO INTERVENE IN ITS JUDGMENT ENTRY DATED 3-27-13."

I.

{¶10} Huntington National Bank argues that the trial court has taken away Huntington's ability to contest the swap of the properties, has permitted appellee to strip the Huntington mortgage, and created an encumbrance on Richmond's property. Thus, Huntington National Bank contends the trial court erred in denying their motion to intervene. We disagree.

{¶11} Huntington National Bank sought to intervene pursuant to Civ.R. 24(A). The rule provides, in pertinent part:

Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Civil Rule 24(A)(2).

{¶12} The standard of review for a Civ.R.24(A)(2) motion for intervention as a matter of right is abuse of discretion. *Meyers v. Basobas*, 129 Ohio App.3d 692, 696, 718 N.E.2d 1001 (10th Dist. 1998). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶13} In order for a party to intervene as a matter of right, the following elements must be met: (1) the intervenor must claim an interest relating to the property or transaction that is the subject of action; (2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; (3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and (4) the motion to intervene must be timely. *Fairview Gen. Hosp. v. Fletcher,* 69 Ohio App.3d 827, 591 N.E.2d 1312 (10th Dist. 1990). "Failure to meet any one of the elements in Civ.R. 24(A) will result in denial of the right to intervene." *Id.* at 831. Civil rule 24(A) is to be liberally construed in favor of intervention, but the putative intervenor still bears the burden of establishing each of the elements to intervene. *Grover Court Condominium Unit Owners' Assn. v. Hartman*, 8th Dist. No. 94910, 2011-Ohio-218.

{¶14} "Intervention after final judgment has been entered is unusual and ordinarily will not be granted." *Greenman v. Greenman,* 5th Dist. No. 04CA69, 2005-Ohio-4961. However, intervention after judgment is permissible if it is the only way to protect the intervenor's rights. *Id.*

{¶15} In addition, the following factors are considered in determining timeliness of the motion to intervene: (1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention and (5) the existence of unusual circumstances mitigating against or in favor of intervention. *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503, 696 N.E.2d 1058 (1998).

{¶16} Huntington National Bank argues that the trial court stripped the Huntington mortgages and they must intervene to protect this interest. However, appellee concedes that Huntington National Bank continues to have a valid mortgage encumbering the lot owned by appellee, surrounding the lot in question. Further, Huntington also maintains its mortgage in regards to Richmond, as the trial court specifically stated that the "Tuscarawas County Recorder is ordered to transfer the mortgage (Exhibit C) from Paul Richmond (Volume 1205, Page 2008) to the real estate transferred to Paul Richmond and such mortgage is hereby cancelled on the lot transferred to M&M Winfield, LLC; this mortgage shall be considered valid on the Richmond property." Accordingly, intervention after judgment is not required to protect Huntington Bank's interests.

{¶17} Further, Huntington National Bank argues they are entitled to intervene because Huntington Mortgage was merged out of existence in 2002 and thus Huntington Mortgage could not represent Huntington Bank adequately. However,

appellee submitted an exhibit in response to appellant's motion to intervene that clearly indicates that Huntington Mortgage was accepting payments from Richmond until October of 2012. This exhibit contains the Huntington corporate logo, the Huntington name, and the Huntington address. In addition, the certified mail sent to "Huntington Mortgage" was signed and returned as served in August of 2011, and the record demonstrates that multiple mailings sent to Huntington Mortgage throughout the case were never refused or returned to the Clerk of Courts. Thus, the fact that Huntington Mortgage was merged out of existence in 2002 does not necessitate a ruling that Huntington Bank has the ability to intervene in this action, and Huntington Mortgage could adequately represent the interests of Huntington Bank in this action.

{¶18} Finally, based upon the factors as detailed above, Huntington National Bank's motion to intervene is not timely. The motion was filed more than six (6) months after the notice of appealable order was entered in July of 2012. Huntington National Bank argues they did not discover the complaint until September of 2012 when appellee attempted to execute on the judgment and waited to file their motion until January 24, 2013 due to settlement negotiations. However, Huntington National Bank reasonably should have known about the proceedings prior to the September 2012 date. Huntington Mortgage was served with the complaint in 2011, notice of two evidentiary hearings, and two judgment entries, including one final appealable order. In both of the trial court's judgment entries after the evidentiary hearings, the trial court made note that no representative or counsel for Huntington appeared at the hearing. Further, the trial court made a finding of fact in its June 6, 2012 judgment entry that "prior to the hearing, Richmond contacted Huntington Mortgage and was informed that Huntington would not

participate in the hearing on January 12, 2012." Appellant failed to provide the transcript of this hearing to dispute this factual finding and thus this Court has no choice but to presume the validity of the lower court's factual finding. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶19} Based upon the foregoing, we find the trial court did not abuse its discretion in denying Huntington National Bank's motion to intervene. Appellant's assignment of error is overruled.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur