[Cite as *In re A.H.*, 2020-Ohio-454.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: A.H, B.H.,C.H., | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 2019 CA 0077 |
| | : | 2019 CA 0078 |
| | : | 2019 CA 0079 |
| | : | |
| | : | O P I N I O N |
| | : | |

CHARACTER OF PROCEEDING:      Appeal from Richland County Court
of Common Pleas, Juvenile Division,
Case Nos. 2015 DEP 00154, 2015
DEP 00155, 2015 DEP 00156

JUDGMENT:      Dismissed

DATE OF JUDGMENT:      February 10, 2020

APPEARANCES:

For Plaintiff-Appellant

Richland County Children Services
EDITH A. GILLILAND
731 Scholl Road
Mansfield, Ohio 44907

For the Guardian ad Litem
Mr. Donald "Pat" Wischmeier

SHERYL M. GROFF
40 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellees
Curtis and Andrea Berry

CORINNE N. RYAN
254 West Johnstown Road
Gahanna, Ohio 43230

*Baldwin, J.*

**{¶1}** Richland County Children's Services (RCCS) appeals the decision of the Richland County Court of Common Pleas, Juvenile Division, granting Curtis and Andrea Berry, Appellees, status as parties to this action.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** RCCS took custody of five siblings in November 2015 and placed three of the children with the Appellees as foster parents. RCCS obtained permanent custody of the children in September 2017 and determined that Appellees' adoption of the children placed with them would serve the children's best interest. (Semiannual Administrative Review, April 19, 2019, p. 4, Docket # 158). The Court Appointed Special Advocate/Guardian Ad Litem (CASA/GAL) confirmed that the best interest of the children would be served by adoption by the foster parents. (Annual Permanent Custody Review, p. 1, August 29, 2018, Docket # 159). The status of the foster parents and the plans for the permanent placement of the children changed abruptly in October 2018.

**{¶3}** RCCS reported that it received "an intake regarding concerns that the foster parents were giving 'marijuana' to the children." RCCS explained that it arranged for "a hair follicle drug test that resulted in two of the three triplets testing positive for marijuana." (Semiannual Administrative Review, October, 18, 2018, p. 2, Docket #163). The record contains no detail regarding the testing process or the results of the test. The children were removed from the Appellees' home and their status as foster parents for RCSS was suspended based upon the results of the test. Appellees informed the trial court that they are contesting the actions of RCCS and that their objections are pending in a separate

administrative review proceeding where they are asserting that they administered CBD oil with the approval of the children's physician and that RCCS was notified of their plan and did not object.

**{¶4}** Appellees contend that RCCS was unwilling to informally resolve their objections regarding removal of the children, so they filed a motion requesting to be joined as parties in the juvenile court case. Appellees concluded that "the Court is the only avenue for the children's best interests to be assessed." (Motion to Join as Parties, April 5, 2019, p. 2, Docket # 181). RCCS opposed intervention, the parties exchanged pleadings in support of their positions and presented arguments to the magistrate at a hearing on the motion. The magistrate did not permit either party to present evidence, but called the CASA\GAL and questioned him regarding his position. Neither party was permitted to question the CASA\GAL. In her Entry granting intervention the magistrate noted that she was "aware of the multiple subsequent placements of the children and has had concerns about the conditions of placements and whether the current placement offers permanency and is in the children's best interests." (Entry, May 22, 2019, p. 2, Docket #189). The magistrate found that granting party status to the Appellees would serve the best interest of the children, so she granted the motion for the purpose of filing a motion for custody.

**{¶5}** RCCS filed a motion to set aside the magistrate's order because she had prohibited the parties from cross examining the witness called by the court. The trial court agreed and vacated the order, remanding it back to the magistrate "to schedule a hearing for the sole purpose of permitting the examination of the CASA/GAL to occur by counsel for RCCSB and counsel for the foster parents." (Entry, June 25, 2019, p. 1, Docket #200).

Between the issuance of the first magistrate's order granting intervention and the setting aside of that order, the Appellees filed a Motion for Legal Custody and Placement and the CASA/GAL filed a Motion for an Interim Order of Temporary Custody.  Both motions claimed returning the children to the home of Appellees served the best interest of the children.  The CASA/GAL filed a second motion captioned Motion for Legal Custody, seeking an order returning the children to the Appellee's home:

> due to the questionable conditions of the living environment of said child in the home in which he is currently placed, concerns of inadequate and/or insufficient supervision and other related challenges within the household which may or may not be due to its size and/or composition. Further, the CASA/GAL has concerns regarding a history of sexual offending of one household member in the current placement home.

(Motion for Legal Custody, July 16, 2019, p. 1, Docket # 205).

{¶6}    The second hearing on the motion to intervene was completed on August 1, 2019 and the Magistrate noted in her Order that she had issued her decision from the bench at the conclusion of the hearing. The magistrate confirmed that the motion was granted to serve the best interests of the children and explained her analysis:

> The Magistrate further finds that for the first three years of his life, this child, a triplet, (and his triplet siblings) knew no other parents than Curtis and Andrea Berry. The Berrys provided excellent care in every way that loving and capable parents care for their children. The child was fully bonded to the Berrys in every way that a very young child is bonded to loving and attentive parents.

These children, nearly at the point of adoption by the Berrys, were abruptly removed from the Berrys (sic) care with notice to the Court but without an evidentiary hearing to determine whether that removal comported with the best interests of the child(ren). The triplets were separated from each other for a number of months and then placed together in a foster home as to which the CASA/GAL and the Court have had ongoing concerns. The CASA/GAL, whose sole purpose in this case is to speak to the best interests of the child, has recently filed a motion proposing that the child be placed in the legal custody of the Berrys, further attesting to his opinion of the child's best interests.

(Magistrate's Order, August 2, 2019, p. 2-3, Docket # 213).

{¶7} RCCS filed a notice of appeal and minutes later filed a motion to set aside the magistrate's order and to stay the proceedings. The trial court stayed the proceedings but did not address the request to set aside the magistrate's order. The motions filed by the CASA/GAL and Appellees regarding placement and custody remain pending.

{¶8} RCCS submitted a single assignment of error:

{¶9} "I. THE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN GRANTING A MOTION TO INTERVENE TO FORMER FOSTER PARENTS FOR THE PURPOSE OF FILING A MOTION FOR LEGAL CUSTODY IN A CASE WHERE PARENTAL RIGHTS HAD BEEN TERMINATED AND CHILDREN SERVICES HAD BEEN GRANTED PERMANENT CUSTODY."

{¶10} Subsequent to the filing of the notice of appeal, Appellees filed a motion to dismiss the appeal arguing that RCCS failed to produce a transcript of the evidentiary

hearing or a Statement of the Evidence pursuant to Appellate Rule 9(C), failed to pursue a Motion to Set Aside the Magistrate's Order from which Appellants have filed this appeal prior to pursuing this appeal and that, in the alternative, this court lacks jurisdiction because there was not a final appealable order to review. We have not received a written response to the motion from RCCS, though it does address the question of whether the order is a final appealable order in its brief.   We reserved ruling on that motion until after oral argument.

## ANALYSIS

**{¶11}**  Appellees argue in their brief, and in a separate motion to dismiss, that the trial court's order granting their motion to intervene is not a final appealable order, so this court lacks jurisdiction to proceed.  Because the Ohio Constitution, Section 3(B)(2), Article IV, limits our jurisdiction to the review of final judgments of lower courts, we must first resolve this issue before addressing the merits of the appeal. *Germ v. Fuerst,* 11th Dist. Lake No. 2003–L–116, 2003–Ohio–6241, ¶ 3.  We must determine if we have jurisdiction to review the merits of this case by deciding whether the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, have been satisfied.  *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

**{¶12}**  The relevant portion of R.C. 2505.02 describes a final appealable order as "[a]n order that affects a substantial right made in a special proceeding ***." R.C. 2505.02(B)(2).  Proceedings in juvenile court are special proceedings, so our analysis is limited to whether the trial court's order affected a "substantial right." *State ex rel. Fowler v. Smith,* 68 Ohio St.3d 357, 1994-Ohio-302, 626 N.E.2d 950 (1994).

**{¶13}** A "substantial right" for purposes of R.C. 2505.02 is a legal right enforced and protected by law. *State ex rel. Hughes v. Celeste,* 67 Ohio St.3d 429, 430, 619 N.E.2d 412 (1993); *Noble v. Colwell,* 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989). Alternatively a "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." RC. 2505.02(A)(1). An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). Examples of orders affecting substantial rights include "[o]rders determining custody of a child or requiring the sale of business assets, as a result of a divorce *Lingenfelter v. Lingenfelter*, 5th Dist. Stark No. 1999CA00241, 2000 WL 329946, *1, or "orders suppressing evidence (where deprivation of the evidence makes obtaining a conviction impossible), or orders denying a de novo hearing (where the denial forecloses a party's ability to rebut its opponent's case)." *Hellman v. Al Castrucci, Inc.,* 2nd Dist. Montgomery No. 18167, 2000 WL 1073336, *2.

**{¶14}** And, to constitute a final order, the order must dispose of the whole case or some separate and distinct branch. *Noble v. Colwell,* 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989). In general, when an order does not contemplate further action and no other related issues remain pending, the order normally constitutes a final order. *Elliott v. Rhodes*, 4th Dist. Pickaway No. 10CA26, 2011-Ohio-339, ¶ 17.

**{¶15}** Appellant relies upon the holding of the Fourth District Court of Appeals in *S. Ohio Coal Co. v. Kidney,* 100 Ohio App. 3d 661, 654 N.E.2d 1017 (4th Dist. 1995) to

support  its argument that the trial court's order was final and appealable. The entirety of the Fourth District's analysis is contained in a brief paragraph at the outset of the opinion:

> We begin by noting our jurisdiction. The grant of a motion to intervene is a final appealable order. See *Fairview Gen. Hosp. v. Fletcher* (1990), 69 Ohio App.3d 827, 591 N.E.2d 1312. Likewise, the grant of a Civ.R. 60(B) motion is a final appealable order. See *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. Since the grant or denial of both motions constitutes final appealable orders, this appeal is properly before us.

*Id.* at 666.

{¶16} The Fourth District relies upon the ruling of *Fairview Gen. Hosp, supra,* but that opinion does not support Appellant's position.   In that case, the facts involved an attempt to intervene in a declaratory judgment action and the Tenth District found that "*** the order **denying** appellant's motion to intervene is a final appealable order. The only issue raised for review is whether the trial court abused its discretion by **overruling** University's motion to intervene under Civ.R. 24." *Fairview Gen. Hosp. supra* at 830. (Emphasis added).  We disagree with the Fourth District's characterization of *Fairview Gen. Hosp.* as supporting a holding that the grant of a motion to intervene is a final appealable order and instead conclude that it is inapposite in this case because it addresses the denial of such a motion in the context of a declaratory judgment action.

{¶17} Appellant asserted that the trial court's order impacted a substantial right, but did not identify the substantial right that it seeks to protect or enforce in this matter, or how, in the absence of an immediate appeal, it would be foreclosed from appropriate

relief in the future. During argument Appellant's counsel referenced the Ohio Administrative Code as the source of that right, but Appellant did not include that code section in its brief and we will not consider it now.

{¶18} For the following reasons, we must conclude the magistrate's order in this matter is not a final appealable order.　Motions for custody and the future placement of the children remain pending before the trial court during which the interests of the parties and the children may be addressed and resolved, so the granting of the motion to intervene anticipates future action to resolve the motions of the Appellees as well as the CASA\GAL.　Appellant has neither identified a substantial right that will be impacted by the intervention, nor has it been foreclosed from relief in the future.

{¶19} This appeal is dismissed for lack of a final appealable order.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.